DAYCO CORPORATION *v.* FRED T. ROBERTS
AND COMPANY ET AL.
(11368)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and SHEA, Js.

Argued November 29, 1983—decision released March 20, 1984

*Edward J. Holahan, Jr.,* on the appeal, for the appellant (defendant R. Roberts) and, on the cross appeal, for the appellee (defendants R. Roberts and M. Roberts).

*Howard E. Kantrovitz,* with whom, on the brief, was *Pat Labbadia III,* on the appeal, for the appellee-appellant (plaintiff).

PARSKEY, J. This dispute arises out of patent license agreements between the plaintiff Dayco Corporation and the defendant Fred T. Roberts and Co. (Roberts Co.), a Connecticut general partnership comprised of two partners, the defendant Robert E. Roberts and his mother, the defendant Marion R. Roberts.[1] The Roberts Co. owned patents on many products, including radia-

---

[1] Marion R. Roberts died on July 14, 1977, and Robert Roberts was impleaded as the administrator of her estate.

tor hoses which it licensed the plaintiff to produce. The licensing agreements provided that the Roberts Co. would defend and indemnify the plaintiff against any action for infringement of third party patent rights arising from the use of Roberts Co.'s patents. The agreements also provided for the arbitration of disputes. The plaintiff was eventually sued by a third party for patent infringement and it incurred substantial costs in connection with that litigation which resulted in a settlement.

After the Roberts Co. defaulted on its agreement to defend and indemnify, the plaintiff instituted arbitration proceedings. The case was scheduled to be heard in arbitration on June 9 and 10, 1975, and the Roberts Co., through its attorney, was so notified by the American Arbitration Association in mid April, 1975. On June 2, 1975, the Roberts Co. began assigning its patents and licensing agreements to the defendant Patent Management Services Company, Limited (PMS), a Connecticut limited partnership comprised of Robert Roberts as the sole general partner and Marion Roberts as the sole limited partner.

Robert Roberts appeared at and participated in the arbitration proceedings held on June 9 and 10. In July an arbitration award of $200,000 was entered in favor of the plaintiff against the Roberts Co. Upon the plaintiff's application to the Superior Court to confirm that award, the court confirmed the award against the Roberts Co. only.[2] When this judgment was not paid, the plaintiff, on November 8, 1976, instituted this action in seven counts. In the first count, the plaintiff sought a judgment against the Roberts Co. on the prior unpaid

---

[2] In its application the plaintiff named as defendants the Roberts Co., Robert Roberts and Marion Roberts. The court concluded that because the award was against the Roberts Co. only it could not render judgment against the individual defendants. The plaintiff did not appeal from this and at oral argument conceded that the court's conclusion was correct.

and uncollectible judgment. The second count alleged that Robert Roberts and Marion Roberts, as partners of the Roberts Co., are individually liable for its judgment debt. In counts three through seven the plaintiff sought to void the transfers from the Roberts Co. to PMS as having been fraudulently made. Also in count seven the plaintiff sought a judgment against Robert Roberts and Marion Roberts, based upon their individual liability as partners of PMS, for any judgment obtained as a result of the fraudulent transfers.

The court rendered a judgment in the amount of $200,000 plus interest for the plaintiff (against the Roberts Co.) on the first count.[3] On the second count, the court rendered the same judgment against Robert Roberts but, having found that Marion Roberts had not been notified of the arbitration proceeding, rendered judgment for her estate. On counts three through seven, the court found the transfers to have been fraudulent and declared that they are of no effect with respect to the plaintiff.

On November 18, 1981, the plaintiff filed a motion to open the judgment on the ground that the court "inadvertently failed to consider uncontroverted evidence" that Marion Roberts did have notice of the arbitration proceeding. The court granted the motion but denied the relief requested.

Robert Roberts has appealed from the judgment against him on the second count claiming that the court erred in finding him individually liable for a judgment rendered against the partnership. The plaintiff has cross appealed from the judgment for Marion Roberts on the second count, claiming that the court erred in finding she did not have notice, and, in the alternative,

---

[3] In its brief to the trial court the defendants conceded that judgment should enter for the plaintiff on the first count.

from the court's failure, on the seventh count, to find Robert Roberts and Marion Roberts liable for the fraudulent transfers.

On the appeal, Robert Roberts claims that since he was not named as a defendant in the arbitration proceeding he cannot be held personally liable for the judgment which resulted from that proceeding. He contends that such liability is not authorized by General Statutes § 34-53 and is a violation of due process. We disagree.

General Statutes § 34-53[4] which is part of the Uniform Partnership Act adopted in Connecticut in 1961, provides in relevant part: "All partners are liable . . . (b) jointly for all other debts and obligations of the partnership . . . ." The defendant concedes that the arbitration award constitutes a partnership debt but contends that since the award was against the partnership, which has no assets, the plaintiff is forever barred from looking to the individual partners for satisfaction of that debt. In effect, the defendant's argument renders § 34-53 a nullity.

The defendant points to General Statutes §§ 52-112, 52-364 and 52-57b (now 52-57 [d]) to support this proposition that the partners have no liability for the partnership debt because they should have been individually named in the arbitration proceeding. Section 52-112[5] allows suit in the partnership name but prohibits the attachment of the private property of a partner not

---

[4] "[General Statutes] Sec. 34-53. LIABILITY OF PARTNERS. All partners are liable: (a) Jointly and severally for everything chargeable to the partnership under sections 34-51 and 34-52; (b) jointly for all other debts and obligations of the partnership; but any partner may enter into a separate obligation to perform a partnership contract."

[5] "[General Statutes] Sec. 52-112. INSERTION OF NAMES OF PARTNERS IN PROCESS IN ACTION BY OR AGAINST A PARTNERSHIP. (a) In commencing a civil action by or against a partnership, it shall not be necessary to insert the names of the partners in the process, provided the partnership name is stated. The plaintiff shall have the right, within the first three days of

named in the process. Section 52-364[6] prohibits execution upon the private property of a partner not named in the complaint, while § 52-57 (d)[7] provides for the manner of service of process upon a partnership. The defendant submits that these statutes evince a policy and procedure which requires that, in order to hold the partners personally liable for a partnership debt reduced to judgment they must be named and personally served as defendants in the beginning of the litigation. The defendant's reliance on these statutes is misplaced.

Sections 52-112 and 52-57 (d) pertain to "actions." "In a general sense the word 'action' means the lawful demand of one's right in a court of justice; and in this sense it may be said to include any proceeding in such a court for the purpose of obtaining such redress as the law provides." *Waterbury Blank Book Mfg. Co.* v. *Hurlburt,* 73 Conn. 715, 717, 49 A. 198 (1901). In *Skidmore, Owings, & Merrill* v. *Connecticut General Life Ins. Co.,* 25 Conn. Sup. 76, 197 A.2d 83 (1963), the court discussed whether an arbitration proceeding was an action for the purposes of the Statute of Limitations,

---

the court after the return day, to amend the process without costs by inserting the names of the partners.

"(b) An attachment, in any civil action against a partnership, of the private property of any of its members shall not be valid unless the name of the member is set forth in the process at the time of the attachment."

[6] "[General Statutes] Sec. 52-364. LEVY AGAINST PARTNERSHIP. No execution upon a judgment rendered against copartners shall be levied upon any other than the partnership property or the individual property of such defendants as are particularly named in the complaint."

[7] General Statutes § 52-57 (d) provides: "(d) In actions against a partnership, service of process may be made by personally serving any process within the state upon any one of the partners or, if none of the partners are residents of the state, service may be made upon the secretary of the state; provided, prior to the return date, the officer serving the writ shall mail a copy of the writ and the complaint by registered or certified mail, return receipt requested, to the last-known address of every partner not personally served. A statement of such mailing and receipt therefor shall be included in the officer's return."

General Statutes § 52-584. In a thoughtful and thorough analysis the court opined that arbitration proceedings do not occur in court, indeed that their very purpose is " 'to avoid the formalities, the delay, the expense and vexation of ordinary litigation.' *In re Curtis-Castle Arbitration,* 64 Conn. 501, 511, 30 A. 769 (1894)." Id., 84. It further noted that these proceedings are not governed by our rules of procedure. Id., 85; *In re Curtis-Castle Arbitration,* supra. It looked to other jurisdictions which have held that arbitration proceedings were not actions. *Temple* v. *Riverland Co.,* 228 S.W. 605, (Tex. Civ. App. 1921); *Son Shipping Co.* v. *DeFosse & Tanghe,* 199 F.2d 687 (2d Cir. 1952). Finally, the court concluded that an arbitration proceeding is not an action within the meaning of that word as used in the Statute of Limitations. *Skidmore, Owings, & Merrill* v. *Connecticut General Life Ins. Co.,* supra, 83.

Similarly, we conclude that an arbitration proceeding is not an action for the purposes of §§ 52-112 and 52-57 (d). The proceeding at issue was a contractual matter in which the parties agreed that "[a]ny controversy or claim arising out of or relating to [the agreement between the plaintiff and the Roberts Co.] . . . shall be settled by arbitration in accordance with the Rules of the American Arbitration Association . . . ." These rules are less formal than the rules governing proceedings in court. See Commercial Arbitration Rules, American Arbitration Association (1975); 5 Am. Jur. 2d, Arbitration and Award § 110. The arbitration was presided over by a member of the American Arbitration Association and not by a judge. Hence §§ 52-112 and 52-57 (d) did not govern that proceeding.

Section 52-364 is also inapposite because the plaintiff is not attempting nor has it attempted to levy upon the property of the partners. After the arbitration award was confirmed against the partnership, the plain-

tiff did attempt to levy on partnership property but found none. It then instituted this suit against the partners.

What these statutes reveal is axiomatic: in an action against a partnership, in which only the partnership is named as a defendant and the result is a judgment against the partnership, a plaintiff cannot attach the individual property of the partners or levy upon their individual property. This does not prevent a plaintiff, when it finds the partnership without assets and its judgment debt unsatisfied, from instituting suit against the individual partners to hold them liable for that debt. To hold otherwise would insulate partners from their joint liability for a partnership debt.

This scheme can hardly be said to offend due process. "[I]n partnership law the establishment of the personal unlimited liability of the general partner requires a legal proceeding in which (whether local practice requires him to be named personally or not) the individual partner thus pursued is personally served with process or notice. This is so because he must have an opportunity to contest the claim on its merits." *Detrio* v. *United States*, 264 F.2d 658, 661 (5th Cir. 1959). In the present case, the plaintiff instituted arbitration proceedings against the partnership and obtained an award, which was confirmed against the partnership only. When the arbitration award was reduced to judgment, the joint obligation of the partners was conclusively established. The plaintiff levied on the property of the partnership but no property was found and the judgment remains unsatisfied. The plaintiff subsequently brought this suit against the individual partners and properly served them both, thereby providing them with the opportunity to contest their liability on the merits. In his individual capacity and as administrator

of Marion Roberts' estate, Robert Roberts appeared in the court below and availed himself of that opportunity.

Our analysis of the appeal requires us to find error on the cross appeal. The trial court found Robert Roberts individually liable because he appeared at and participated in the arbitration proceeding but found that, since there was no evidence that Marion Roberts had received notice or participated in that proceeding, she was not individually liable. As shown above, Robert Roberts' liability does not stem from his appearance at the arbitration proceeding. His liability is derived from having been properly served in *this* case. Marion Roberts was similarly served. As such, the trial court erred in not holding her individually liable on the second count also.

In light of our holding that Robert Roberts and Marion Roberts are personally liable for the judgment debt, we need not consider the plaintiff's alternative claim of liability arising from the fraudulent transfers.

There is no error in the case against Robert Roberts.

There is error in the case of Marion Roberts, the judgment in that case is set aside and the case is remanded with direction to render judgment for the plaintiff against Marion Roberts in accordance with this opinion.

In this opinion the other judges concurred.