[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR PREJUDGMENT REMEDY
The plaintiff, in order to secure payment of its claim for professional services rendered to the four defendants, seeks a prejudgment remedy of attachment. All four defendants deny they entered into a contract with the plaintiff. They also contest the value of the services. They further contend that the debt is an obligation of a partnership of which they are the general partners. They claim that they cannot be held personally liable for the debt until the plaintiff obtains judgment against the partnership and thereafter finds the partnership to be without assets. I have concluded that the plaintiff has established probable cause for a claim against the defendants in the amount of $11,122.88 for services which they, and not a partnership, agreed to purchase. Accordingly, the plaintiff's application is granted.
The defendants by their conduct recognized the existence of contractual obligations between the four of them and the plaintiff. The plaintiff performed professional services in connection with the development of real property in which the defendants have an interest. All four defendants met with the president of the plaintiff and discussed the organization of the project. The defendants were aware the plaintiff was performing the services.
The plaintiff has received $119,498.29 for its services. It is due $11,122.82, which is the reasonable value of the services for which it has not received compensation. The plaintiff has established probable cause for a claim against the defendants in the amount of $11,122.82.
The defendants claim that the debt was incurred by a partnership, Long Hill Crossroads Associates. This entity is a general partnership consisting of the four defendants. The plaintiff has sufficiently shown that the debt was incurred by the individual defendants. Even if the evidence were otherwise, CT Page 2232 the partnership entity would not shield the defendants from liability. While Section 52-112 of the General Statutes allows suit in the partnership name; Dayco Corporation v. Fred T. Roberts Co., 192 Conn. 497, 501 (1984); this statute does not take away the common-law right in this jurisdiction to sue a firm in the individual names of its partners. Hotchkiss v. DeVita, 103 Conn. 436, 444-45 (1925); Stephenson, Connecticut Civil Procedure (2d Ed.) 27. A judgment against partners can be executed against the partnership property and the individual property of the particular partners who are named and served. Gen. Stat. 52-112(b); 52-364. In some jurisdictions, a complaint for breach of contract against partners as individuals must allege that the partnership is insolvent and unable to pay its debts. See e.g. Conard Line Ltd. v. Abney, D.C.N.Y. 1982,540 F. Sup. 657, 659 -60 (1982). It is not necessary at this time to determine whether such rule applies in Connecticut.
The plaintiff should submit to the clerk of the court a proper order form for the attachment of the real estate owned by Louis Ceruzzi. The request to attach various classes of property owned by the other defendants is too general and is therefore denied.
A prejudgment remedy of attachment of the real property of Louis Ceruzzi may issue in the amount of $15,000.00.
THIM, JUDGE