[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE OFFERS OF JUDGMENT
The plaintiff brought the present application to compel arbitration of uninsured motorist claims. The parties have agreed to arbitration and a hearing before an arbitrator has now been scheduled. However, the case remains pending. Plaintiffs have filed respective offers of judgment pursuant to General Statutes52-192a and Practice Bk. 34 et seq. The defendant has moved to strike the offers of judgment on the grounds that the proceeding is not a "civil action" and, therefore, offers of judgment are not authorized.
General Statutes 52-410 provides that a party may make application to the court for an order directing the parties to proceed with arbitration. Subsection (c) of the statute provides that the matter shall be heard so as to dispose of the case with the least possible delay, and provides that the court "shall either grant the order or deny the application, according to the rights of the parties."
Thus, the resolution of the present application in the plaintiff's favor would result in the issuance of an order to proceed to arbitration. No money damages would be awarded in the present proceeding.
The court holds that the application to compel arbitration does not constitute a civil action with the meaning of the provisions of CT Page 3542 our Statute and Practice Book governing offers of judgment. See such cases as Dayco Corporation v. Fred T. Roberts Co., 192 Conn. 497,503, (1984); Waterbury v. Waterbury Police Union, 176 Conn. 401,408 (1979); Fishman v. Middlesex Mutual Assurance Co., 4 Conn. App. 339, 3440347 (1985).
Accordingly, the Motion to Strike the respective offers of judgment filed by the plaintiffs is granted.
RUSH, JUDGE