[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 9985
The plaintiff in this case has filed an Application To Correct Arbitration Award, which, essentially, asks the court to find legal error in the damages awarded in an arbitration proceeding. The plaintiff originally sought arbitration because of injuries caused by an uninsured motorist. A panel of three arbitrators, by a vote of 2-1, awarded the plaintiff $271,184.17. The plaintiff now claims that the award should have been higher because insufficient credit was given to various insurance premiums he had paid in the past. See Conn. Gen. Stat. 52-225a. There is a very serious question whether 52-225a, on its face applicable to "civil action[s]," applies at all to arbitration proceedings. See Dayco Corp. v. Fred J. Roberts Co., 192 Conn. 497,502-03 (1984). But the court need not resolve this issue here because of the posture of the case.
When arbitration of an issue is voluntary, "judicial review of the arbitrators' decision is limited to determining whether the award conforms to the submission." Bodner v. United Services Automobile Association, 222 Conn. 480, 488-89 (1992). In this case, as in Bodner, "coverage of [the plaintiff's] personal injuries was not disputed, and the only question that was before the arbitrators was the amount of the damages. In that regard, the arbitrators derived their authority not from the statutes, but from the contract between the parties." Id. at 488. The record in this case affords the basis for concluding that the award does not conform in the submission. The court cannot go beyond this conclusion to conduct a de novo review of the interpretation and application of the law by the arbitrators.
The Application To Correct Arbitration Award is denied.
Dated at Waterbury, this 9th day of November, 1992.
/s/ Jon C. Blue, J. Jon C. Blue Judge of the Superior Court CT Page 9986