[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO CITE IN ADDITIONAL DEFENDANTS
The plaintiff Fletcher-Thompson, Inc. filed a complaint on October 11, 1991 against Bronson Hutensky and Landmark Center, Landmark Associates, Limited partnership (hereinafter "Landmark Center"). In its complaint, the plaintiff alleges that it provided architectural, engineering and interior design services for a project developed by Landmark Center. The plaintiff alleges in its complaint that Bronson Hutensky, a Connecticut corporation, is general partner of Landmark Center. Counts one and two of the plaintiff's complaint allege breach of contract and are against Bronson Hutensky and Landmark Center, respectively. The plaintiff alleges in counts three and four that the actions of Bronson Hutensky and Landmark Center, respectively, violate CUTPA.
On December 10, 1992, Bronson Hutensky answered the plaintiff's complaint and filed two special defenses. In its first special defense, Bronson Hutensky alleges that there is no corporation by the name of Bronson Hutensky. In its second defense, Bronson Hutensky asserts that there was never any agreement between Bronson Hutensky and the plaintiff.
On October 27, 1993, the plaintiff filed a motion to cite in and amend complaint. In its motion, the plaintiff seeks to cite in the following as additional defendants: Monitor Management, William Candelori, Frank Shuch and Bronson Hutensky Ventures Limited Partnership, all general partners of Landmark Center; and Allan Hutensky, a general partner of Bronson Hutensky Limited Partnership. The plaintiff asserts that it recently learned that these parties were necessary for a determination of the issues before the court and that the defendants will not be prejudiced by the granting of the motion.
The defendant Bronson Hutensky filed an objection to the plaintiff's motion to cite in additional defendants on November 8, 1993. In its objection, the defendant argues that the plaintiff's motion should not be granted because: (1) it learned of the connection between the proposed defendants and the suit at hand more than eighteen months ago; (2) a pretrial conference is forthcoming; (3) general partners are not necessary parties to an action against a limited partnership; and (4) one of the parties whom the plaintiff claims is necessary is deceased. CT Page 10236
"Any court . . ., upon motion, may cite in a new party or parties to any action pending before the court. . . ." General Statutes 52-101. It is within the court's sound discretion to grant a motion to cite in additional defendants. A. Secondino Sons, Inc. v. LoRicco, 19 Conn. App. 8, 14, 561 A.2d 142 (1989) "Factors to be considered include the timeliness of the application, the possibility of prejudice to the other party and whether the applicant's presence will enable the court to make complete determination of the issues." Id., 14.
The defendant raises the issue that one of the proposed defendants, Frank Shuch, is deceased. The defendant attached to his objection, a copy of an article from the Thursday, February 13, 1992 edition of the Hartford Courant wherein it states that Frank Shuch died on February 11, 1992.
The defendant cites Dayco Corporation v. Fred T. Robert Co., 192 Conn. 497, 472 A.2d 780 (1984) in support of it objection to the plaintiff's motion to cite in additional defendants. Dayco stands for the proposition that a party holding a judgment against a partnership only, cannot attach the individual property of the partners. Id., 504. In such an instance, where a judgment against the partnership remains unsatisfied, the plaintiff must then sue the partners individually to hold them liable for that debt. Id. Therefore, the addition of the proposed defendants to the plaintiff's suit against the limited partnership would allow the court to make a complete determination of the issues in one proceeding.
As it is within the court's discretion to grant the plaintiff's motion, and because the court finds that the addition of the proposed defendants would allow the court to make a complete determination of the issues and would not unduly prejudice the defendants, the plaintiff's motion to cite in Monitor Management, William Candelori, Bronson Hutensky Ventures Limited Partnership and Allan Hutensky is granted. The motion to cite in Frank Shuch is denied. The plaintiff is ordered to amend its complaint in accordance with this decision.
Austin, J. CT Page 10237