[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
On May 2, 1994, the plaintiffs, Robert Warner, James Warner, Vernon Warner and Peter Panaroni (collectively the "plaintiffs"), filed a one count substituted complaint against the defendants, John Lancia, Jonathan Winslow, and Jeannette M. Kordiak[1] alleging the following facts.
On July 26, 1991, judgment was entered in favor of the plaintiffs and against Laurel Associates, a Connecticut general partnership, on a claim to recover a deposit given for a real estate transaction.[2] Steve Kordiak and the defendants Lancia and Winslow were general partners of Laurel Associates. The judgment was entered in the amount of $150,000, plus interest. On December 4, 1991, the plaintiffs issued a property execution against Laurel Associates, but it was not satisfied. Hence, the plaintiffs are bringing the present suit against the general partners of Laurel Associates on a theory of joint and several liability for satisfaction of the debt. CT Page 4060
On May 11, 1992, the defendants, Kordiak and Winslow,[3] filed their initial answer with special defenses which, after a series of amendments and a withdrawal, resulted in the answer and eight special defenses presently before this court. On November 14, 1994, the plaintiffs filed a motion for summary judgment with exhibits[4] and a memorandum in support of their motion against Kordiak and Winslow, arguing that, as partners of Laurel Associates, they are jointly liable for the debts of the partnership. On January 20, 1995, the defendants Kordiak and Winslow filed an objection to the plaintiff's motion for summary judgment with various exhibits[5] and a memorandum in support of their objection. On January 23, 1995, the plaintiffs filed a supplemental exhibit[6] to the plaintiffs' motion for summary judgment.
Pursuant to Practice Book § 384, summary judgment is appropriate when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994). The party moving for summary judgment "has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Internal quotation marks omitted.) Id. "Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue." (Citations omitted.) Burns v. HartfordHospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). "[I]t [is] incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." Connell v.Colwell 214 Conn. 242, 251, 571 A.2d 116 (1990).
In determining whether an issue of material fact exists, the evidence is considered in the light most favorable to the nonmoving party. Strada v. Connecticut Newspaper Inc., 193 Conn. 313, 317,477 A.2d 1005 (1984). In deciding a motion for summary judgment, the trial court may consider affidavits and any other proof submitted by the parties, in addition to the pleadings. Pepe v.City of New Britain, 203 Conn. 281, 285-86, 524 A.2d 629 (1987). "Supporting and opposing affidavits shall be made on personal CT Page 4061 knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Practice Book § 381; Mingachos v. CBS, Inc., 196 Conn. 91, 111, 491 A.2d 368
(1985).
In the present case the plaintiffs secured a judgment against Laurel Associates, unsuccessfully sought execution of the judgment against the partnership, and are now trying to hold the defendants responsible for the debt of the partnership. It is undisputed that the debt exists, as is evidenced by the prior judgment. Furthermore, the plaintiffs' have provided a copy of deputy Robert S. Miller's return of execution in support of the allegation that the plaintiffs sought execution of the judgment against Laurel Associates.
General Statutes § 34-53 states in part that "All partners are liable . . . jointly for all other debts and obligations of the partnership . . . ." Additionally, "in an action against a partnership, in which only the partnership is named as a defendant and the result is a judgment against the partnership, a plaintiff cannot attach the individual property of the partners or levy upon their individual property. This does not prevent a plaintiff, when it finds the partnership without assets and its judgment debt unsatisfied, from instituting suit against the individual partners to hold them liable for that debt. To hold otherwise would insulate partners from their joint liability for a partnership debt." Dayco Corp. v. Fred T. Roberts Co., 192 Conn. 497, 504,472 A.2d 780 (1984). In Gilbert Switzer Associates v. NationalHousing Partnership. Ltd., 641 F. Sup. 150, 155 (D.Conn. 1986), a case in which partners tried to reopen and argue the merits of a prior arbitration hearing in which they did not participate, the court stated that "[a] fair reading of Dayco suggests that the partners may be permitted in a subsequent proceeding against them to contest their status as members of the partnership or to offer other reasons why they cannot be held liable for the obligations of the partnership; however, there is nothing in Dayco to suggest that the partners are entitled to reopen the merits of the arbitration award in the subsequent proceeding." The court further stated that the partners argument that they should be allowed to reopen the merits of the previous arbitration hearing because they did not participate in it "is inconsistent with the language of Dayco, which provides that the joint obligation of the partners wasconclusively established at the time that the arbitration award against the partnership was confirmed by the state Superior Court." CT Page 4062 (Emphasis in original, internal quotation marks omitted.) Id. Thus, it would appear that if the defendants are found to be partners of Laurel Associates for purposes of the judgment debt, then summary judgment should be entered in favor of the plaintiffs as a matter of law.
With regard to the defendants' eight special defenses,[7] only the third special defense raises an issue of the defendants' status as partners. In the third special defense the defendants Kordiak and Winslow allege that "[a]t the time of the negotiations between the Plaintiffs and the Partnership, the Defendants were no longeractive partners." The plaintiffs, however, have alleged that these defendants were partners of Laurel Associates at all relevant times and offer as proof of this Steve Kordiak's and Jonathan Winslow's motions to be made a party in the previous suit against Laurel Associates in which both defendants state that they are partners of Laurel Associates. The affidavit of Jonathan Winslow which states that he and Stephen Kordiak were not "actively involved in the day to day operations of the partnership" at the time the negotiations took place is unavailing. There is no authority for the proposition that a general partner need be an "active" partner in order to be jointly liable for the debts of the partnership. The affidavit of Mr. Winslow sets forth various assertions which, if true, might give rise to an action by him and Kordiak against other partners, but the affidavit does not raise any question of material fact concerning their status as general partners of Laurel Associates.
Accordingly, since the law is clear that under the facts of this case the judgment rendered against Laurel Associates in the previous action cannot be reopened, and because the plaintiffs have established that Winslow and Kordiak were general partners of Laurel Associates and the defendants have failed to offer any valid reasons as to why they should not be held liable for the partnership's obligation, summary judgment is entered in favor of the plaintiffs.
William L. Hadden, Jr., Judge