PATRICK MCMAHON *v.* AETNA LIFE AND CASUALTY
COMPANY
(14284)

Foti, Lavery and Cretella, Js.

Argued February 27—officially released July 16, 1996

*Roger B. Calistro*, with whom, on the brief, was *Cynthia C. Bott*, for the appellant (plaintiff).

*Michael J. O'Sullivan*, for the appellee (defendant).

LAVERY, J. The plaintiff appeals from the judgment of the trial court granting the defendant's motion for summary judgment. The plaintiff claims that the trial court improperly concluded that the plaintiff's action to recover under the underinsured motorist coverage provisions of his automobile insurance policy is time barred and not restored by § 3 of No. 93-77 of the 1993 Public Acts (P.A. 93-77). We conclude that the plaintiff's action is restored by § 3 of P.A. 93-77 and, therefore, reverse the judgment of the trial court.

The relevant facts and procedural history are not in dispute. On December 20, 1989, the plaintiff sustained personal injuries when his automobile was struck by a vehicle driven by John Preira. Preira was insured by Nationwide Insurance Company with liability policy limits of $20,000 per person and $40,000 per occurrence. The plaintiff was insured under a policy issued to him by the defendant. The plaintiff's policy provides coverage for, inter alia, damages and injuries sustained as a result of the negligence of the owner or operator of an underinsured motor vehicle,[1] and such benefits will be paid only after the limits of liability under any applicable bodily injury liability policies have been exhausted. The plaintiff's policy also contains a provision requiring all claims and suits for underinsured motorist benefits to be brought within two years of the accident.

On October 8, 1992, the plaintiff notified the defendant that Preira's liability insurance policy had been exhausted and that the plaintiff was pursuing an underinsured motorist claim against the defendant. Thereafter, the defendant denied coverage claiming that the plaintiff was not entitled to recover underinsured motorist benefits under the policy. On October 15, 1993,

---

[1] See General Statutes (Rev. to 1989) § 38-175c, now revised and recodified as § 38a-336.

the plaintiff commenced this action to recover underinsured motorist benefits. On June 29, 1994, the defendant filed a motion for summary judgment claiming that the plaintiff's claim was time barred under General Statutes (Rev. to 1993) § 38a-336 as amended by P.A. 93-77.[2] The trial court granted the defendant's motion on the ground that the plaintiff's action was untimely because it was not brought within 180 days from the date of exhaustion of the limits of liability under Preira's policy as required by § 38a-336 (g).[3]

The dispositive issue is whether the plaintiff's claim for underinsured motorist benefits is restored by operation of § 3 of P.A. 93-77.[4] In *Bayusik* v. *Nationwide*

[2] General Statutes (Rev. to 1993) § 38a-336, as amended by § 2 of P.A. 93-77, provides in pertinent part: "No insurance company doing business in this state may limit the time within which any suit may be brought against it or any demand for arbitration on a claim be made on the uninsured or underinsured motorist provisions of an automobile liability insurance policy to a period of less than three years from the date of accident, provided, in the case of underinsured motorist claim the insured may toll any applicable limitation period (1) by notifying such insurer prior to the expiration of the applicable limitation period, in writing, of any claim which the insured may have for underinsured motorist benefits and (2) by commencing suit or demanding arbitration under the terms of the policy not more than one hundred eighty days from the date of exhaustion of the limits of liability under all automobile bodily injury liability bonds or automobile insurance policies applicable at the time of the accident by settlements or final judgments after any appeals." All references to § 38a-336 include its amendment by § 2 of P.A. 93-77.

[3] The trial court rendered its judgment prior to our Supreme Court's decisions in *Bayusik* v. *Nationwide Mutual Ins. Co.*, 233 Conn. 474, 659 A.2d 1188 (1995), *Stevens* v. *Aetna Life & Casualty Co.*, 233 Conn. 460, 659 A.2d 707 (1995), and *Serrano* v. *Aetna Ins. Co.*, 233 Conn. 437, 664 A.2d 279 (1995). These cases all involve the proper interpretation of P.A. 93-77.

[4] Section 3 of P. A. 93-77 provides: "No uninsured or underinsured motorist claim or action pending on December 8, 1992, or brought after said date and prior to the effective date of this act, in which a settlement has not been reached or a final judgment has not been rendered prior to the effective date of this act, shall fail by reason of any contractual limitation in a motor vehicle insurance policy which limits the time within which such claim shall be submitted to arbitration or such action shall be commenced to a period of time less than that allowed under section 38a-336 of the general statutes, as amended by section 2 of this act."

*Mutual Ins. Co.*, 233 Conn. 474, 485, 659 A.2d 1188 (1995), our Supreme Court held that a claim filed under an insurance policy governed by § 3 of P.A. 93-77 is subject to the six year statute of limitations applicable to contract actions. In order to fall within the purview of § 3, the plaintiff must have had an underinsured motorist claim pending on December 8, 1992, or brought prior to May 20, 1993. We conclude that the plaintiff had an underinsured motorist claim pending on December 8, 1992, and that his action is therefore restored by operation of § 3 of P.A. 93-77.

The defendant argues that the plaintiff's claim does not come within the savings clause of P.A. 93-77 because there was no underinsured motorist claim pending on December 8, 1992, or brought prior to May 20, 1993. We disagree and hold that the plaintiff's notice to the defendant that Preira's policy had been exhausted and that he was pursuing an underinsured motorist claim constitutes a pending claim for purposes of P.A. 93-77. "Our construction of § 3 of P.A. 93-77 finds support both in its legislative history and in the policy that its passage was intended to promote. Section 3 of P.A. 93-77 was enacted to provide relief to insureds who, in good faith reliance on a complex, and apparently misleading statutory scheme had failed to file a claim for uninsured or underinsured motorist benefits within the two year contractual limitation period, thereby forfeiting their right to do so under our decisions in *McGlinchey* v. *Aetna Casualty & Surety Co.*, 224 Conn. 133, 617 A.2d 445 (1992), and *Hotkowski* v. *Aetna Life & Casualty Co.*, 224 Conn. 145, 617 A.2d 451 (1992). . . . The statutory construction urged by the plaintiffs, therefore, would promote the fundamental objective of the legislature, namely, to restore to those insureds the right to recover uninsured or underinsured motorist benefits in cases that had not been finally concluded prior to May 20, 1993. By contrast, the interpretation

propounded by the defendant would frustrate that legislative purpose by limiting the number of injured victims eligible for relief under § 3 of P.A. 93-77. Furthermore, as remedial legislation, P.A. 93-77 must be afforded a liberal construction in favor of those persons, the plaintiffs among them, whom the legislature manifestly intended to benefit. See *Concept Associates, Ltd.* v. *Board of Tax Review*, 229 Conn. 618, 623, 642 A.2d 1186 (1994)." *Stevens* v. *Aetna Life & Casualty Co.*, 233 Conn. 460, 468, 659 A.2d 707 (1995).

We conclude that the plaintiff's claim is governed by § 3 of P.A. 93-77 and is subject to a six year statute of limitations applicable to contract actions. General Statutes § 52-576 (a). The trial court, therefore, improperly granted the defendant's motion for summary judgment by concluding that the plaintiff's claim was time barred under General Statutes § 38a-336.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.