[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed October 7, 1996
ISSUE
As presented in the Arbitrators' Application: Does the two year contractual statute of limitations in the plaintiff's automobile insurance policy bar the plaintiff's claim for underinsured motorist benefits?
FACTS
On August 6, 1993, the plaintiff, Julian Muller (Muller), filed an application for order to proceed with arbitration against the defendant, Aetna Casualty Surety Company (Aetna), under an underinsured motorist policy, which order was granted by the Court, Hurley, J., on September 13, 1993. Thereafter, on September 5, 1995, the arbitrators in that proceeding filed an application for advice of the Superior Court pursuant to General Statutes § 52-415.[1] The arbitrators seek a decision regarding whether the two year contractual limitations period in the insurance policy bars the plaintiff's claim.
On March 14, 1996, Muller filed a memorandum addressing the arbitrators' application, as did Aetna on May 7, 1996.[2] The relevant facts, as set out in the parties' memoranda and in the arbitrators' application, are as follows.
On August 10, 1986, Muller was injured in an automobile accident while a passenger in a vehicle owned and operated by a third party. In March 1990, Muller exhausted the liability portion of the third party's insurance policy. Thereafter, on April 11, 1990, Muller filed a demand for arbitration with CNA. Muller sought underinsured motorist benefits under a policy issued by CNA to Muller's mother, with whom Muller resided. On January 26, 1986, CNA produced evidence that the CNA coverage expired shortly before the accident. In November 1995, the arbitrators in the CNA action determined that Muller was not CT Page 6295 entitled to recover because the subject policy was not in effect at the time of the accident.[3] See Memorandum in Support of Claimant's Position Regarding Certified Question, March 14. 1996, Attachment.
Muller gave Aetna notice of his claim against it on March 29, 1993. Muller filed an application for an order to proceed with arbitration against Aetna on August 6, 1993, as previously noted. Again, Muller seeks underinsured motorist coverage by virtue of his residing with the named insured under the policy, his mother. At the time of the accident the Aetna policy contained a two year statute of limitations.
In his memorandum, Muller claims that Public Act 93-77 renders the two year limitations period in the policy inapplicable. He contends that the Act has been interpreted to provide a six year limitations period for claims within its scope. Muller concedes that he did not bring his claim by March 29, 1992, six years from the date of the accident. He argues, however, that General Statutes § 52-593 saves his claim.[4]
Muller asserts that under § 52-593 the action against Aetna is timely so long as Aetna could have been sued at the time of the "original" action against CNA. The CNA action was timely, Muller argues, because it was brought within six years of the date of the injury. Muller concludes that since the action against CNA was commenced within the six year limitations period, and the action against Aetna was substituted within one year thereafter, as required by § 52-593, his claim is not time barred.
Aetna contests the applicability of Public Act 93-77. Aetna states that Muller's argument that his claim was pending in 1993 because he was pursuing a claim against CNA at that time is insufficient to bring Muller within the scope of the Act. Aetna argues that the two year limitations period in the insurance policy is the proper limitations period.
Aetna argues that, even assuming the six year statute of limitations applies, it does not save Muller's claim. Aetna states that Muller did not seek to compel arbitration until September 1993, more than one year after the six year limitations period expired.[5] In addition, Aetna points out that it did not receive notice of Muller's claim until March 1993, which date was also subsequent to the expiration of the six year limitations CT Page 6296 period.
Aetna contests the applicability of § 52-593 to the facts of this case. First, Aetna asserts that § 52-593 applies to civil actions and a motion to compel arbitration is not a civil action. Secondly, Aetna asserts that Muller's claim against CNA did not fail because Muller failed to name the right party, as required by § 52-592. Rather, Aetna contends, the claim failed because the evidence revealed that CNA cancelled the insurance policy prior to the date of the accident.
DISCUSSION
1. Applicability of Public Act 93-77.
Public Act 93-77 took effect on May 20, 1993. Serrano v.Aetna Insurance Co., 233 Conn. 437, 443, 664 A.2d 279 (1995). Section 3 of the act provides that "no claim for underinsured motorist benefits that was pending on December 8, 1992, and in which a settlement had not been reached or a final judgment rendered prior to May 20, 1993, shall be barred by virtue of any policy provision limiting the period for the filing of a claim to less than the three year period, with tolling provisions, allowed under General Statutes § 38a-336, as amended by § 2 of P.A. 93-77." Id. Accordingly, if Muller's claim for arbitration was pending on December 8, 1992, or had not been finally concluded on May 20, 1993, his claim falls within the purview of § 3 of P.A. 93-77. Id., 444 n. 8; Bayusik v. Nationwide MutualInsurance Co., 233 Conn. 474, 481, 659 A.2d 1188 (1995). UnderBayusik, a claim filed under an insurance policy governed by P.A. 93-77 § 3 is subject to the six year statute of limitations applicable to contract actions. Id., 485.
Muller's application for an order to proceed with arbitration was not filed until August 6, 1993, after the period prescribed in the Act. Muller did, however, provide Aetna with notice of his claim on March 29, 1993, within the prescribed period. Accordingly, an issue arises regarding whether the notice to Aetna was sufficient to bring Muller's claim within the purview of the Act. [This court finds that it is.]
In McMahon v. Aetna Life Casualty Co., 42 Conn. App. 225
(1996), the plaintiff appealed from the decision of the trial court granting summary judgment for the defendant on the ground that the trial court improperly concluded that the plaintiff's CT Page 6297 action to recover underinsured motorist benefits was time barred and not restored by P.A. 93-77 § 3. Id., 266. The court reversed the judgment of the trial court and held that the plaintiff's notice to the defendant that the tortfeasor's policy had been exhausted and that the plaintiff was pursuing an underinsured motorist claim constituted a pending claim for purposes of P.A. 93-77. Id., 228. On the basis of McMahon,
Muller's March 29, 1993 notice to Aetna is sufficient to invoke the six year limitations period available under P.A. 93-77 § 3. As previously noted, however, Muller did not notify Aetna of his claim before the expiration of the six year period. Nonetheless, Muller argues that General Statutes § 53-593 saves his claim.
1. Applicability of General Statutes § 53-593.
General Statutes § 53-593 states, in relevant part, that "[w]hen a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process in the new action is made within one year after the termination of the original action. . ."
"Arbitration proceedings have generally not been viewed as encompassed within the concept of civil actions." Fishman v.Middlesex Mutual Assurance Co., 4 Conn. App. 339, 344,494 A.2d 606 (1985). "Arbitration proceedings, including court proceedings to compel arbitration, are creatures of statute in Connecticut and are not common law actions." Id., 345, citing General Statutes §§ 52-408 through 52-424.
In Skidmore, Owings Merrill v. Connecticut General LifeIns. Co., 25 Conn. Sup. 76, 197 A.2d 83 (1963), the plaintiff sought a declaratory judgment determining whether the period of limitations expired so as to bar an arbitration proceeding instituted by the defendant against the plaintiff. The court considered whether the demand for arbitration made by the defendant constituted the bringing of an action within the statutes of limitations, General Statutes §§ 52-584 and52-576. Id., 81. The court held that "[a]rbitration is not a common-law action, and the institution of arbitration proceedings is not the bringing of an action under any of our statutes of limitations." Id., 84. See also Dayco Corporation v. Fred T.Roberts Co., 192 Conn. 497, 503, 472 A.2d 780 (1984) CT Page 6298 (arbitration proceedings are not civil actions for purposes of suit, attachment and service of process on partnerships pursuant to General Statutes §§ 52-112 and 52-57); Waterbury v.Waterbury Police Union, 176 Conn. 401, 408, 407 A.2d 1013 (1979) (applications to confirm, modify or vacate arbitration awards are not civil actions for purposes of General Statutes title 52):Crespo-Dubie Daniel v. State Farm Insurance, Superior Court, Judicial district of Stamford/Norwalk at Stamford, Docket No. 121617, 6 CONN. L. RPTR. 333 (April 15, 1992) (Rush, J.) (applications to compel arbitration do not constitute civil actions within the meaning of the offer of judgment statute. General Statutes § 52-593).
The court finds that General Statutes § 52-593 applies only to civil actions and the institution of arbitration proceedings is not a civil action. Accordingly, General Statutes § 52-593 does not save Muller's untimely claim.
CONCLUSION
The question presented by the arbitrators may be answered as follows:
 1. The two year contractual statute of limitations in the insurance contract does not bar the claimant's action.
The issues raised by the parties in their briefs may be resolved as follows:
 1. A six year limitations period applies to the claimant's action under P.A. 93-77 § 3 and Bayusik v. Nationwide Mutual Insurance Co., supra, 233 Conn. 474.
 2. General Statutes § 52-593 governs civil actions and is inapplicable under the facts presented.
HURLEY, J.