[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This proceeding was brought nearly eighteen months ago as an application to compel arbitration against the defendant State Farm Mutual Automobile Insurance Company (State Farm Mutual) for underinsured motorist benefits. The court granted the application the following month. The parties selected arbitrators and commenced the arbitration proceedings. During the arbitration, State Farm Mutual refused to proceed under plaintiffs' personal liability umbrella policy issued by State Farm Fire Casualty Company (State Farm Fire). Pursuant to General Statutes §52-102, the plaintiff has moved to join State Farm Fire as a party defendant.
General Statutes § 52-102 provides: "Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy." (Emphasis added.)
Case law is clear that neither an application to compel arbitration nor an arbitration proceeding itself is generally CT Page 7219 considered to be a "civil action". Fishman v. Middlesex MutualAssurance Co., 4 Conn. App. 339, 344-46, 494 A.2d 606, cert. denied, 197 Conn. 806, 807, 499 A.2d 57 (1985); Bennett v.Meader, 208 Conn. 352, 357, 545 A.2d 553 (1988); DaycoCorporation v. Fred T. Roberts Co., 192 Conn. 497, 502-503
(1984). To construe the term "civil action" in § 52-102 to include arbitration proceedings would open up arbitration proceedings to third party practice generally. This would subvert the very purpose of arbitration "as an effective alternative method of settling disputes intended to avoid the formalities, delay, expense and vexation of ordinary litigation." Fink v.Golenbock, 238 Conn. 183, 194, 680 A.2d 1243 (1996); see O G/O'Connell Joint Venture v. Chase Family Ltd. Partnership No. 3,203 Conn. 133, 145, 523 A.2d 1271 (1987); John A. ErrichettiAssociates v. Boutin, 183 Conn. 481, 488, 439 A.2d 416 (1981). While in this case it is the plaintiff who claims that the commencement of the arbitration proceedings have been delayed by the defendant, "the propriety of the rule we adopt today must be considered not only in light of the facts of this case but with an eye towards situations that are likely to arise in the future. See Carroll v. Lanza, 349 U.S. 408, 413, 75 S.Ct. 804,99 L.Ed. 1183 (1955)." Cleveland v. U.S. Printing Ink, Inc., 218 Conn. 181,194, 588 A.2d 194 (1991).
The motion is denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court