[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Herbert Hyman sues the defendant George Jaser for the value of legal services the plaintiff performed in the Spring of 1994. The defendant defends by denying that the services were performed on his behaIf. He further defends specially by alleging that any such legal services were performed on behalf of a corporation which, if any liability exists, is the liable party.
The court finds the following facts:
The defendant was a general partner, along with four others, CT Page 10763 in a partnership known as Bran-Park Associates. In 1971, the partnership took title to certain land on Maple Street in Branford. The property consists of units rented to tenants. There is no evidence that title has changed since the time that the property was acquired or that the partnership has dissolved. The partnership, with the knowledge and consent of the defendant, retained Margolis-Barkon, a real estate management firm, as its agent to collect rents at the site. From time to time, Margolis-Barkon also hired counsel on behalf of the partnership to sue for possession of a unit when the rent was not timely paid. The plaintiff had performed such work for the partnership in the past and had been compensated for such work.
In February of 1994, the plaintiff was requested by Margolis-Barkon to commence summary process proceedings against a delinquent tenant, National Oil Company. The plaintiff did so in an action known as Bran-Park Associates v. National Oil Company, and a judgment of possession was obtained on March 28, 1994. The plaintiff charged the defendant $550 for legal services and expenses.
In April, 1994, the plaintiff was requested to bring a case against another tenant, Cameron Construction Company. The plaintiff once again did so and charged $550.
Neither bill was paid. The plaintiff is now suing for his unpaid services and expenses.
The court finds that the partnership, not a corporation, retained the services of the plaintiff through its agent, Margolis-Barkon, and benefitted [benefited] from the work performed by the plaintiff. The customary and reasonable value of the legal services and expenses — $550 for each of the two cases — is owed to the plaintiff.
The only serious question raised by the defendant in his case is whether the plaintiff can single out one partner as a defendant in this collection action without first reducing the debt to judgment against the partnership.
This action was commenced as a small claims action on October 25, 1996, and ordered transferred to the Superior Court on January 31, 1997. The applicable statute[1] regarding liability of individual partners for the debts of a partnership was Conn. Gen. Stat. § 34-53(1), since repealed, which provided CT Page 10764
. . . all partners are liable: (A) Jointly and severally for everything chargeable to the partnership under sections 34-51 [wrongful act or omission of a partner] and 34-52 [misapplication of funds by a partner]; (B) jointly for all other debts and obligations of the partnership.
The fact that the statute makes ordinary contract debts of the partnership the joint liability of the partners, rather than their joint and several liability, is significant. The "several" liability — that is, the separate liability of the individual partners — is absent as to the creditor, and exists, if at all, only to the partnership. Few cases in Connecticut construe this principle of partnership law, and none directly construes this subsection of § 34-53. What early and more recent cases explain is that partnership funds are first used to satisfy the claims of partnership creditors.
In Allen v. Center Valley Company, 21 Conn. 130 (1851), the court stated:
 The partners have the lien [on partnership property] . . . and have a right to insist, that the joint funds shall pay the joint debts, and in this way and by enforcing the equities or lien of the partners, the creditors of the copartnership come to their rights, whatever they are, and thus these rights are worked out, as the authorities say.
Id., 135. Only thereafter may the individual partners may be held liable.
This procedure is outlined in the case of Dayco Corporationv. Fred T. Roberts Co., 192 Conn. 497 (1984):
. . . in an action against a partnership, in which only the partnership is named as a defendant and the result is a judgment against the partnership, a plaintiff cannot attach the individual property of the partners or levy upon their individual property. This does not prevent a plaintiff, when it finds the partnership without assets and its judgment debt unsatisfied, from instituting suit CT Page 10765 against the individual partners to hold them liable for that debt. To hold otherwise would insulate partners from their joint liability for a partnership debt.
Id., 504. While this may be the preferred procedure for holding a partner liable, neither Dayco nor any other Connecticut case holds that it is the only way to reach a partner individually. Authority for that proposition derives from the construction of the identical statute by courts in sister states and from the recently adopted Uniform Partnership Act, Conn. Gen. Stat. §§34-300 to 34-399, which reorganizes and replaces the act under discussion here.
New York has long had in place the identical section of the former Uniform Partnership Law (1914) governing joint liability of partners. Under § 26 of the New York Partnership Law, partners are only jointly liable for the performance of partnership contracts. New York courts have construed this section to mean that absent an allegation that the partnership is insolvent or otherwise unable to pay its debts, no action lies against the partners individually. Helmsley v. Cohen, 56 App.Div.2d 519,391 N.Y.S.2d 522 (App.Div. 1977). Where the assets of the partnership are inadequate to pay the partnership debts or where there is no effective remedy without resort to property of individual partners, then partners may be individually liable for partnership contract liability. See Owen Steel Company, Inc. v.George A. Fuller Co., 563 F. Sup. 298, 300 (S.D.N.Y. 1983) (in action in contract against partnership and individual partners, held, motion to dismiss the partners, granted).
The new Connecticut statutes make this explicit. Conn. Gen. Stat. § 34-328 provides:
 Sec. 34-328. Actions by and against partnership and partners. (a) A partnership may sue and be sued in the name of the partnership. (b) An action may be brought against the partnership and any or all of the partners in the same action or in separate actions. (c) A judgment against a partnership is not by itself a judgment against a partner. A judgment against a partnership may not be satisfied from a partner's assets unless there is also a judgment against the partner. CT Page 10766 (d) A judgment creditor of a partner may not levy execution against the assets of the partner to satisfy a judgment based on a claim against the partnership unless:
 (1) A judgment based on the same claim has been obtained against the partnership and a writ of execution on the judgment has been returned unsatisfied in whole or in part;
(2) The partnership is a debtor in bankruptcy;
 (3) The partner has agreed that the creditor need not exhaust partnership assets;
 (4) A court grants permission to the judgment creditor to levy execution against the assets of a partner based on a finding that partnership assets subject to execution are clearly insufficient to satisfy the judgment, that exhaustion of partnership assets is excessively burdensome, or that the grant of permission is an appropriate exercise of the court's equitable power.; or
 (5) Liability is imposed on the partner by law or contract independent of the existence of the partnership.
 (e) This section applies to any partnership liability or obligation resulting from a representation by a partner or purported partner under section 34-329.
This statute, expanding upon its repealed counterpart 34-53, and read together with Dayco, supra, makes clear that the policy of this state is to insulate individual partners from liability for partnership debts until a creditor first or simultaneously obtains judgment against the partnership, and attempts to satisfy that judgment or is relieved from doing so by agreement or court decree.
The partnership is not a defendant in this action. There is no basis for any individual liability against the defendant independent of the existence of the partnership.
The court finds for the defendant and enters judgment accordingly.
Patty Jenkins Pittman, Judge