[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brings this action seeking an order directing the respondent to proceed with arbitration pursuant to the terms of the uninsured motorist provision of an insurance policy issued CT Page 13855 by the defendant. The defendant has moved for summary judgment contending that this action is time barred by General Statutes § 52-576, the six year statute of limitations applicable to contract actions. The plaintiff objects to summary judgment contending first that the plaintiff made demand for arbitration within six years from the date of the accident, which is sufficient to satisfy the statute, and secondly, that the statute of limitations was tolled by the Supreme Court decision in CNAInsurance Co. v. Colman, 222 Conn. 769 (1992). The defendant disputes the tolling claim and further contends that the plaintiff abandoned her initial demand for arbitration by not pursuing it.
Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Lees v. Middlesex Insurance Co., 219 Conn. 644,650 (1991). A material fact is one that will make a difference in the outcome of the case. Yanow v. Teal Industries, Inc.,178 Conn. 262, 268-69 (1979). Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion. Mingachos v.CBS, Inc., 196 Conn. 91, 111 (1986). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing [the motion] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Connecticut Bank Trust Co. v.Carriage Lane Associates, 219 Conn. 772, 781 (1991).
Summary judgment is appropriate on statute of limitation grounds when material facts concerning the statute are not disputed. Burns v. Hartford Hospital, 192 Conn. 451, 452
(1984). The court should grant summary judgment if the affidavits fail to set forth circumstances that would avoid the application of the statute of limitations. Collum v. Chapin,40 Conn. App. 449, 453 (1996).
Certain facts concerning the motion for summary judgment are not in dispute. The plaintiff alleges that she was injured while driving her employer's vehicle on January 19, 1990. She contends that an uninsured motorist lost control of his vehicle and struck a telephone pole, causing the pole to strike the vehicle driven by the plaintiff, with resulting injuries to her. On February 10, CT Page 13856 1990 the plaintiff made demand for arbitration under the uninsured motorist provision of an insurance policy issued by the defendant Hartford Casualty Insurance Company to the plaintiff's employer. The arbitration was never held. In June 1992 the Connecticut Supreme Court ruled that an employee injured while operating his/her employer's motor vehicle is precluded from collecting uninsured motorist benefits under the employer's automobile liability insurance policy. CNA Insurance Co. v.Colman, supra, 222 Conn. 769. Relying on Colman, the defendant notified the plaintiff by letter dated September 24, 1992 that it was "retiring" its file concerning the plaintiff's claim. The legislature, however, adopted Public Acts 1993, No. 93-293 to reverse the Colman case with respect to incidents occurring after the effective date of the act. On July 30, 1996, the Supreme Court held that P.A. 93-297 applied to claims arising out of incidents occurring prior to the effective date of the new act.Reliance Insurance Co. v. American Casualty Insurance Co.,238 Conn. 285, 291 (1998). On October 7, 1997 the plaintiff served this action seeking an order directing the defendant to proceed with arbitration.
Both parties agree that the applicable statute of limitations governing the plaintiff's claim is the six year statute for contract actions set forth in General Statutes § 52-576. They disagree, however, as to whether the plaintiff has complied with the six year statute. The defendant contends that in order to comply with the statute, the plaintiff was required to bring this action to compel arbitration within six years from the date of her injuries, which was January 19, 1990. The defendant has not cited any authority in support of this contention.
The plaintiff, on the other hand, asserts that she complied with the six year statute of limitations by making a demand for arbitration within six years from the date of her injuries. She cites two cases in support of her claim. In Bayusik v. NationwideMutual Insurance Co., 233 Conn. 474 (1995), the Supreme Court held that the plaintiff timely complied with the underinsured motorist provisions of his automobile liability insurance policy by making demand for arbitration within six years from the date of the accident. Id., 481. The Appellate Court has held that a plaintiff's underinsured motorist claim was pending on the date she gave notice of exhaustion of the tortfeasor's policy and notice that she would pursue an underinsured claim against the defendant even though she did not actually commence an action to recover the benefits until one year later. McMahon v. Aetna LifeCT Page 13857 Casualty Co., 42 Conn. App. 225, 226-227 (1996).
In a memorandum of law in response to the plaintiff's, the defendant did not respond to the plaintiff's citation to Bayusik
or McMahon. Instead, the defendant raised a new claim: that the plaintiff abandoned her claim for arbitration by neglecting to pursue it. In support of that contention, the defendant cites a New York case, In Application of Robert C. Finkelstein,233 N.Y.S.2d 174 (1962), appeal denied 12 N.Y.2d 646 (1963).
In the Finkelstein case the court addressed, as an incidental issue, whether an arbitration proceeding had been abandoned.Id., 176. Relying on New York law, the court ruled that abandonment of a proceeding can result from lapse of time without any activity by the parties or from conduct that indicates the intention of the parties to give up the action. Id. The court found that the failure of the parties to proceed with arbitration as ordered by the court for a period of six years, together with the conduct of the plaintiffs, clearly showed an intention to abandon the arbitration. Id.
There does not appear to be any appellate authority in Connecticut addressing the requirements of Connecticut law for abandonment of an action or proceeding. Our Supreme Court has held that abandonment in general "implies a voluntary and intentional relinquishment of a known right." Daddona v. LibertyMobile Home Sales, Inc., 209 Conn. 243, 252 (1988). Abandonment in different factual contexts in Connecticut always implicates the intention of a party. Abandonment of a wife is defined as the act of the husband to voluntarily leave his wife "with an intention not to return to her . . ." Litvaitis v. Litvaitis,162 Conn. 540, 547 (1972). Abandonment of a nonconforming use in a zoning context requires "an intention on the part of the owner to relinquish permanently the nonconforming use." Blum v.Lisbon Leasing Corp. , 173 Conn. 175, 181-82 (1977).
The defendant's reliance on the Finkelstein case is misplaced because under Connecticut law, mere inactivity is insufficient to establish abandonment. There must also be a showing of intent to relinquish. The defendant has not made any showing with respect to the plaintiff's intent regarding the arbitration. Summary judgment is ordinarily inappropriate where intent is implicated.Reynolds v. Chrysler First Commercial Corp. , 40 Conn. App. 725,731 (1996). The question of intent normally raises an issue of material fact that cannot be decided on a motion for summary CT Page 13858 judgment. Picataggio v. Romeo, 36 Conn. App. 791, 794 (1995). Accordingly, the defendant's motion for summary judgment is denied.
VERTEFEUILLE, J.