[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS TO STRIKE (DOCKET ENTRIES NO. 106 AND 107)
The complaint alleges the following facts. The plaintiff, JDA, LLC, entered into an agreement on September 18, 1998, with Fairfield Classic Shine Associates (Classic Shine) to sell some real property. The plaintiff deposited $3000 in escrow payable to the broker, Braverman Group. On September 24, 1998, legal counsel for Classic Shine notified the plaintiff that it would not convey title to the property or accept performance of the covenants in the agreement. The plaintiff now seeks specific performance on the contract, namely, a conveyance of the property pursuant to the agreement. The plaintiff named the partners in the complaint and on the writ of summons. The partners named in the complaint are Joseph Wagonseller, Jeffrey Satinover, Julie Satinover, Stephen Burke, Donald Blackwelder, Lawrence Wilcrout and Lawrence Blanchfield. The partnership as an entity was not named in the complaint, on the writ of summons or served with process.
Defendants Jeffrey and Julie Satinover have filed a motion to strike, bearing docket entry number 106, and defendant Stephan Burke has filed a motion to strike bearing docket entry number 107.[1] The Satinovers and Burke have moved to strike the entire complaint on the ground that the plaintiff has failed to include a necessary party, namely, the partnership entity itself. Burke and the Satinovers each have filed a memorandum in support of their respective motion to strike. The plaintiff has filed a memorandum in opposition to each motion.
"[A] motion to strike challenges the legal sufficiency of a pleading. . . ." (Internal quotation marks omitted.) Lombard v.Edward J. Peters, Jr., P.C., 252 Conn. 623, 626, ___ A.2d ___ (2000). "Whenever a party wishes to contest . . . (3) the legal sufficiency of any such complaint . . . because of the absence of any necessary party . . . that party may do so by filing a motion to strike. . . ." (Internal quotation marks omitted.)Pamela B. v. Ment, 244 Conn. 296, 325 n. 21, 709 A.2d 1089
(1998). A necessary party is a person "having an interest in the controversy, and who ought to be made [a party], in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." (Internal quotation marks omitted.) BiroCT Page 13725v. Hill, 214 Conn. 1, 5, 570 A.2d 182 (1990). "Anyone having a present interest in the property in question is a necessary party to this action because he or she holds a known interest in the land which would be affected by the relief sought." (Internal quotation marks omitted.)Twichell v. Guite, 53 Conn. App. 42, 53, 728 A.2d 1121 (1999). "[W]ithout the presence of [a] necessary party the court [cannot] fully adjudicate the matter before it. . . . In these circumstances, the trial court should . . . [afford] the plaintiff a reasonable opportunity to cite in the necessary party. Upon failure of the plaintiff to do so the court, on its own motion with proper notice . . . [may strike] the complaint for nonjoinder." Meredith v. Police Commission, 182 Conn. 138, 141, 438 A.2d 27
(1980).
In the present case, the Satinovers and Burke argue that the partnership, as record owner of the property in question, is a necessary party. In response, the plaintiff argues that it served the partners of Classic Shine in their representative capacities, and, therefore, the partnership is properly part of the case. In the alternative, the plaintiff requests that the court give the plaintiff time to amend the complaint to join Classic Shine properly.
The plaintiff has alleged that Classic Shine is the record title owner of the real estate in question. General Statutes § 34-315 provides: "Property acquired by a partnership is property of the partnership and not of the partners individually." It "is axiomatic: in an action against a partnership, in which only the partnership is named as a defendant and the result is a judgment against the partnership, a plaintiff cannot attach the individual property of the partners or levy upon their individual property." Dayco Corporation v. Fred T. Roberts Co.,192 Conn. 497, 504, 472 A.2d 780 (1984). It follows that where a partnership is not named a plaintiff cannot recover against the property of the partnership, because the property belongs to the partnership and not to the partners. See General Statutes § 34-315. Here, because Classic Shine is the owner of the property, it is a necessary party in order to determine and adjust the rights of the parties in the present case. See Biro v. Hill, supra, 214 Conn. 5; Twichell v. Guite, supra,53 Conn. App. 53. Accordingly, the court grants the plaintiff a reasonable period of 45 days in which to amend its complaint so as to add the partnership as a party defendant and to make service upon the partnership. See Meredith v. Police Commission, supra, 182 Conn. 141.
SKOLNICK, J.