# Richmond.

## BEAZLEY'S ADM'R v. SIMS' ADM'R.

### APRIL 15th, 1886.

1. PRACTICE AT COMMON LAW—*Construction of statutes.*—In an action *ex contractu* against several defendants, the common law rule was that all should be summoned actually, or constructively by prosecution to outlawry, before judgment could be had against any. Code 1873, ch. 167, sec. 50, changes this for another rule, whereby judgment may be had against one defendant served with process, and a discontinuance as to the others, or at the plaintiff's election, subsequent service of process and judgment, *in the same suit,* against the other defendants. *Bush* v. *Campbell,* 26 Gratt. 438-9.

2. IDEM—*Judgment—Discontinuance—Merger—Case at bar.*—In 1866, S. sues M. and B. on their joint bonds. M. confesses judgment that day. Suit is suffered to abate as to B., who had never been summoned. S. having died, his administrator in 1879 brings a second suit on the bond against both obligors. They plead the former judgment in bar. This plea the court below rejects as to B., but admits as to M., and causes the action to proceed as a separate one against B., and renders judgment against him. Upon error—

HELD:

     The bond is merged in the judgment against M., and the second action is barred by the recovery in the first.

Error to judgment of circuit court of Greene county, rendered June term, 1883, in an action of debt on a joint bond in the name of James Sims' Executor against P. H. Miller and Wyatt S. Beazley. The latter died pending the action, and it was revived and proceeded in against his administrator, James

G. Field, who, the judgment being against him, obtained a writ of error and *supersedeas* to this court.

Opinion states the case.

*J. G. & W. W. Field,* for the plaintiff in error.

*Watson & Perkins,* for the defendant in error.

LACY, J., delivered the opinion of the court.

James Sims, on the 13th of August, 1866, instituted in the circuit court of Greene county an action of debt on a bond against P. H. Miller and W. S. Beazley, the obligors therein. On the same day P. H. Miller confessed judgment on the bond, which was duly entered in the clerk's office with appended statement of the balance due, and which became final in due course in the mode prescribed by law.

In September, 1879, James Sims having in the meantime died, his administrator, J. B. Davis, instituted a second action of debt on the said writing obligatory against the said P. H. Miller and W. S. Beazley, the obligors therein. The defendants, by special plea, set up the former judgment in bar of a second suit in the same cause of action, by which they claimed that the judgment in 1866 had merged the bond, and no suit could be thereafter (in 1879) maintained on the said bond. The circuit court struck out the plea, and gave judgment on the said bond against W. S. Beazley's administrator, he having died pending the suit, which was ordered to be proceeded in as to him as a separate suit. On writ of error to this court the question is, was the judgment obtained against P. H. Miller in 1866 a bar to any other suit on this bond against his co-obligor?

The counsel for the defendant in error relies with confidence

on the nineteenth section of ch. 173 and section fifty of ch. 167 of the Code. The fiftieth section of chapter one hundred and sixty-seven of the Code provides for judgment against one defendant served with process and a discontinuance or subsequent service of process and judgment against the other defendant at the election of the plaintiff.

In this case the plaintiff did not elect to proceed by subsequent service of process against the other defendant, as he might have done, but took a final judgment against the one defendant served with process, and suffered his suit to abate and discontinue as to the other; and the question in this case is not what might have been done in that suit further. Nothing more was done in that suit, which has long since ended. The question here is under a new suit, brought on the same cause of action with which the said fiftieth section of chapter 167 has some connection. The subject of that provision has been the source of much discussion and conflict in the courts, until, by the passage of the section in question as an act of the legislature, the controversy was ended.

Mr. Minor gives a brief history of this subject in his fourth volume, p. 569. The common law rule was, that, where there are several defendants in an action, *ex contractu*, all should be summoned either actually or constructively by prosecution to outlawry, before the declaration could be filed or judgment had against any. Min. Inst., vol. IV, 569–570; 1 Tidd's Prac. 420; *Sheppard* v. *Bailler*, 6 T. R. 328; *Bovill* v. *Wood*, 2 M. & S. 23; *Saunderson* v. *Hudson*, 3 East. 144; *Barton* v. *Pettit*, 7 Cr. 194. And this rule, long disused in Virginia, (see *Moss* v. *Moss*, 4 H. & M. 293; 1 Rob. Pr. 1st Ed. 258-259) in *Early* v. *Clarkson*, 7 Leigh, 83, was asserted as that which must regulate proceedings with us Whereupon the legislature enacted the said fiftieth section (see *Bush* v. *Campbell*, 26 Gratt. 439), by which successive judgments may be obtained in the same suit, and, upon the

judgments as they are severally obtained, execution issues just as if each party were the only defendant in the case.

The said fiftieth section provides, as we have seen, for final judgment as to one, and a discontinuance as to the other, or further proceedings as to him, *in that suit*, at the election of the plaintiff; and this change in the law we have stated above. As to the ninteenth section of chapter one hundred and seventy-three, which provides for judgment against one defendant against whom the plaintiff is not barred, although he may be barred as to another, we will say that in a joint action against several joint contractors, when all have been served with process and all are before the court, and the fiftieth section of chapter 167 is inapplicable, the plaintiff must recover against all or none as at the common law, unless the defence upon which some are discharged is merely personal to them that plead it, and does not touch the liability of the other defendants; as, for example, the plea of infancy, bankruptcy, *non est factum*, *non assumpsit*, and the like, which will not prevent the action from being proceeded in to judgment against the others so as to recover against them only.    *Muse* v. *Farmers Bank*, 27 Gratt. 254; *Bush* .v. *Campbell*, 26 Gratt. 427; *Moffett* v. *Bickle*, 21 Gratt. 280.    But, as is authorized by our statute, judgment was obtained against one of the obligors in this joint obligation and there was a discontinuance as to the other; and here the question is, what was the effect of the judgment recovered against one obligor in this joint obligation upon the bond?    Did it merge the bond as to one obligor, or as to both, or as to neither ?    There is no distinction as to this question between a judgment by confession and other valid judgments.    If a creditor accepts and ratifies a confession of judgment in his favor, it becomes, from the moment of its acceptance, valid; and is attended with all the results incident to other valid judgments.    Although no adjudication is in fact

required in entering a judgment of confession without action, yet it has all the qualities, incidents and attributes of other judgments, and cannot be valid unless entered in a court which might have lawfully pronounced the same judgment in a contested action. Freeman on Judgments, sections 547, 548; *Lanning* v. *Carpenter*, 23 Barb. 402; *Chapin* v. *Thompson*, 20 Cal. 681; *Wilcoxson* v. *Burton & McCarly*, 27 Cal. 228.

In this case it is not denied that this confession of judgment was accepted, received and acted on by the creditor who took final judgment thereon as the law prescribes, and did not seek, by service of process or otherwise, to proceed further against the other obligor then nor subsequently during his life.

We may now consider, briefly speaking, generally what is the effect in an original cause of action of maturing the same to judgment. The judgment establishes in the most conclusive manner, and reduces to the most authentic form, that which had hitherto been unsettled. The cause of action thus established, and permanently attested, is said to merge into the judgment establishing it upon the same principle that a simple contract merges into a specialty. The cause of action, though it may be examined to aid in interpreting the judgment, *can never again become the basis of a suit between the same parties.* It has lost its vitality; it has expended its force and effect. All its power to sustain rights and to enforce liabilities has terminated in the judgment. It is drowned in the judgment and must henceforth be regarded as *functus officio.*

This principle is well established and is supported by a variety of reasons, which cannot conveniently be stated in full here, but which are set forth in the two hundred and fifteenth section of the excellent work of Mr. Freeman on Judgments. This principle is well illustrated in the case of *Wayman* v. *Cochrane*, 35 Ill. 154.

In delivering the opinion of the court in that case Chief

Justice Walker said: "The general rule is, that by a judgment at law or a decree in chancery, the contract or instrument upon which the proceeding is based becomes entirely merged in the judgment. By the judgment of the court it loses all its vitality and ceases to bind the parties to its execution. No force and effect are then expended, and all remaining legal liability is transferred to the judgment or decree. Once becoming merged in the judgment, no further action at law or suit in equity can be maintained on the instrument. All rights and liabilities originally imposed by or growing out of the instrument or agreement terminate with the judgment of the court. This being so, when the judgment was rendered on the bond in this case, it ceased to be evidence of the debt, and the judgment then became the evidence of the debt, and the only evidence that could be used in a court of the existence of the original debt. And that debt could only bear six per cent. interest whether evidenced by a judgment or decree." *White* v. *Hoffaker,* 27 Ill. 349. The mortgage is only an incident of the debt. *Olds* v. *Cummings,* 31 Ill. 188; *Vansant* v. *Allman,* 25 Ill. 30; *Sargent* v. *Howe,* 21 Ill. 149.

When the debt has changed to a judgment the mortgage then is changed, in effect, to a security for the payment of the judgment. The satisfaction of the judgment by the payment of the sum recovered with six per cent. interest per annum would discharge the mortgage. In that case the bond, secured by the mortgage, was for the payment of a sum of money with interest at the rate of ten per cent. per annum. See also *Wayman* v. *Crozier,* 35 Ill. 156, where the case of *Wayman* v. *Cochrane* was approved.

In *Hogg* v. *Charlton,* 25 Penn. St. 200, Chief-Justice Lewis said: "The note was extinguished by the judgment. *McCleary* v. *Faber,* 6 Barr. 476, must not be understood as requiring a copy of the original cause of action to be filed *after it has been*

*extinguished by a judgment,* and where the action is brought upon a judgment."

We have thus seen the effect of a judgment upon the note or bond upon which the suit was originally tried, speaking generally as when the judgment is against all the obligors or debtors. We will now consider what is the effect of a judgment against one only of two obligors, when the creditor has elected to take judgment against this one only, and to have a discontinuance as to the other.

It must be borne in mind that the merger of the cause of action has no effect upon the liabilities of the co-plaintiffs or the co-defendants, *as between each other.* These liabilities are not in issue in the case, and are not affected by the final determination of the action. In extinguishing a demand a judgment has no more effect than mere payment. It leaves the liability of other parties to the defendant unaffected. A recovery upon a note against the maker and the endorsers does not so merge the note as to prevent the endorsers from paying the judgment, receiving the note, and maintaining an action on it against the maker. *Kelsey* v. *Bradberry,* 21 Barb. 531; *Corey* v. *White,* 3 Barb. 12.

So a judgment against co-defendants creates no liability between them, if none existed before, as in case of tort feasors and the like; or, as in the case of payment by one primarily bound as between him and his co-defendant, as where the principal pays a judgment against himself and his surety, who was co-obligor, and other cases which will suggest themselves, that may arise between prior and subsequent endorsers and the maker. *Percy* v. *Cleary,* 32 Md. 245; *McDonald* v. *Bevington,* 4 T. R. 825; *McLennan* v. *McMoorries,* 23 Upper Canada, Q. B. 115; *Tarleton* v. *Allhusen,* 2 Ad. & El. 32.

But, if a judgment be recovered against one of the joint makers this is a discharge of all the other makers from all suits by the same plaintiff and all persons in privity with him.

In the case of *Barnett* v. *Juday,* 38 In. C. 86, Judge Downey said: "It has been decided in several cases, in this court, that a judgment against one of several makers of a joint note merges the cause of action, and constitutes a bar to the suit on the same note against the other makers, or against all the makers."

In that case the judgment was by confession of one of the joint makers. The court said: "We think that, *prima facie,* at least, the judgment must be regarded as having been taken by the consent or procurement of the appellee, as he must be presumed to have had possession and control of the cause of action. We think it is reasonable to infer that the judgment was rendered by his consent."

In the case of *Nicklaus* v. *Roach,* 3 Ind. 78, Judge Blackford said: "Whether the plea is valid or not, is the only question in the cause. The plea is in bar of a suit on a promissory note. We are of opinion that the plea is valid, on the ground that the plaintiffs, by obtaining a judgment against Dapput on this note, which they had taken on account of the partnership's debt, had discharged the present defendant from that debt. Whether the action be brought against one or two, it is for the same cause of action. *King* v. *Hoare,* 13 Mees. & Welsby, 496."

The defendant was held discharged, although in ignorance of the existence of the judgment, and subsequent to its rendition he had executed his own note for the debt.

In the case of *Crosby* v. *Jeroloman,* 37 Ind. 277, Worden, chief-justice, said, citing *Duncan* v. *Holcomb,* 20 Ind. 378: "That the judgment or decree of a court possessing competent jurisdiction is, as a general rule, final, not only as to the subject matter thereby actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided, can admit of no doubt.    *    *    *    But,

independently of the above proposition, we think it quite clear that a party cannot thus split up his cause of action, and bring two suits upon the same instrument, when the entire remedy could have been had in the first suit"—citing *Secor* v. *Sturgis*, 16 N. Y. 548, as holding: "The principle is settled beyond dispute that a judgment concludes the rights of the parties with respect to the cause of action stated in the pleadings on which it is rendered, whether the suit embraces the whole or any part of the demand constituting the cause of action. It results from this principle, and the rule is fully established, that an entire claim, arising either upon a contract or from a wrong, cannot be divided and made the subject of several suits; and if several suits be brought for different parts of such a claim the pendency of the first may be pleaded in abatement of the others, and a judgment upon the merits in either will be available as a plea in the other suits." See the opinion of Cowen, J., in *Secor* v. *Sturgis, supra.* See the opinion of Lord Mansfield in *Biddleson* v. *Witel*, 1 W. Black. 506; Trin. Term, 4 Geo. III, K. B., all the judges concurring: 1st. That the original contract is drowned in the judgment, and that no implied contract arises between the parties from the judgment. *Name judicium redditur in invitum.* Because actions of debt upon judgments ought not to be favored, being for the most part odious and oppressive. See also *Smith* v. *Nicolls*, 5 Bing. (N. C.), 208; *Pitts* v. *Fugate*, 41 Mo. 405; *Andrews* v. *Vanell*, 46 N. H. 17; *Chitty* v. *Glenn*, 3 Monr. 425; *Whiting* v. *Beebe*, 7 Eng. 549; *Gould* v. *Hayden*, 63 Ind. 443; *Frazier* v. *McQueen*, 20 Ark. 68; *Johnson* v. *Butler*, 2 Iowa, 535; *Taylor* v. *Root*, 4 Keyes, 335; *Thatcher* v. *Gammon*, 12 Mass. 268; *Ault* v. *Zehering*, 38 Ind. 433.

In this case, notwithstanding the judgment matured in 1866, in 1879 a new suit was brought against the same parties upon the original bond or cause of action. The transactions had in the premises in 1866, appear to have received the sanction of the

creditor at that time, and although he levied many years after, he never made any demand against the other obligor as to whom he had elected not to proceed to judgment. The remedy of his personal representative is upon the judgment so obtained. Both upon reason and authority the original cause of action is merged and extinguished in the judgment, and the second suit is barred by the recovery in the first.

JUDGMENT REVERSED.