Argued and submitted June 7, 1991, judgment affirmed; motion allowed; remanded to correct error February 26, reconsideration denied May 27, petition for review denied July 21, 1992 (313 Or 627)

SAN YSIDRO ASSOCIATES III,
a joint venture comprised of
Jose L. Rivas, Matilde C. Rivas
and Juan Orendain,
*Appellant,*

*v.*

CAMBRIDGE EAST, LTD.,
*Respondent,*

*and*

James P. KNELL,
*Defendant.*

(A8812-07026; CA A62426 (Control))

SAN YSIDRO ASSOCIATES III,
a joint venture comprised of
Jose L. Rivas, Matilde C. Rivas
and Juan Orendain,
*Appellant,*

*v.*

SPRING MOUNTAIN, LTD.,
*Respondent,*

*and*

James P. KNELL,
*Defendant.*

(A8811-063692; CA A62427)

SAN YSIDRO ASSOCIATES III,
a joint venture comprised of
Jose L. Rivas, Matilde C. Rivas
and Juan Orendain,
*Appellant,*

*v.*

HERMITAGE, LTD.,
*Respondent,*

*and*

James P. KNELL,
*Defendant.*

(A8812-06862; CA A62428)
(Cases Consolidated)
826 P2d 99

Margaret H. Leek Leiberan, Portland, argued the cause for appellant. With her on the briefs was Leiberan & Gazeley, Portland.

Scott C. Wyse, argued the cause for respondents. With him on the briefs were Meyer, Habernigg & Wyse, Portland, and Paul R. Meyer, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Plaintiff, a California joint venture, filed three separate actions against defendants for declaratory relief and specific performance of three land sale contracts in which plaintiff held the vendor's interest by assignment and defendants were the vendees. It sought to obtain orders specifically enforcing the contracts by ordering defendants to enter into collection escrows or, in the alternative, ordering them to make monthly payments directly to plaintiff. Plaintiff also sought declarations that defendants had breached the implied covenant of good faith and fair dealing and had breached the contracts by failing to enter into mutually acceptable escrow accounts. The three cases were consolidated for trial, three separate judgments were entered, and the cases are consolidated on appeal. The only substantive question on appeal, however, is whether the trial court erred in denying specific performance of the escrow provisions of the contracts.

■      The trial court held that the escrow provisions of the contracts do "not define limits, powers, nor duties of the escrow agent, except for the collection of payments, and are, therefore, not specifically enforceable." Plaintiff assigns error to that holding. On *de novo* review, we adopt the trial court's findings and affirm its holding. Because we hold that those provisions are not specifically enforceable, we need not address plaintiff's second assignment regarding ownership of monies in escrow.

■      Plaintiff next assigns as error the court's issuing a notice of entry of judgment in which the joint venture and all joint venturers were named as debtors. The captions of all three judgments originally read, in pertinent part:

"SAN YSIDRO ASSOCIATES III,
a joint venture comprised of
JOSE L. RIVAS and MATILDE C.
RIVAS, husband and wife; and
JUAN F. ORENDAIN,

                    Plaintiffs."

We allowed the parties' stipulated motion for an order granting the trial court leave to correct a clerical error in the

original judgment. The caption of the amended judgment reads:

"SAN YSIDRO ASSOCIATES III,
a joint venture comprised of
JOSE L. RIVAS and MATILDE C.
RIVAS, husband and wife, and
JUAN F. ORENDAIN,

Plaintiff."

Both parties agreed to change "Plaintiffs" to "Plaintiff" and to replace the semicolon after "wife" with a comma. Plaintiff argues that the caption was amended to clarify that the joint venturers were not parties to the action, could not be held individually liable and, therefore, should not have been shown as debtors. We agree.

■■ In order to reach the individual assets of a partner, the partner must be joined as a party. *See* ORCP 26B; ORCP 67E(1).[1] We treat joint venturers as partners. *First Western Mtg. v. Hotel Gearhart*, 268 Or 613, 522 P2d 881 (1974). Although the names of the three joint venturers appear in the caption, they are named only as persons *comprising* the joint venture, not as parties. The orders in each case determining the amount of attorney fees provided that the amount would be entered as part of the judgments. The judgments provided that "defendant is given judgment against plaintiff" (not plaintiffs). Yet, the Notice of Entry of Judgment shows the joint venture and each of the venturers as judgment debtors.

After the appellant's brief was filed, this court, on the basis of a stipulated motion, remanded these cases to the trial court to amend the captions as indicated, and amended judgments were entered, but the Notice of Entry of Judgment was

---

[1] ORCP 26B provides:

"Any partnership or other unincorporated association, whether organized for profit or not, may sue in any name which it has assumed and be sued in any name which it has assumed or by which it is known. Any member of the partnership or other unincorporated association may be joined as a party in an action against the partnership or unincorporated association."

*ORCP 67E(1) provides:*

"Judgment in an action against a partnership or unincorporated association which is sued in any name which it has assumed or by which it is known may be entered against such partnership or association and shall bind the joint property of all the partners or associates."

not. Plaintiff then filed in this court a motion for leave under ORCP 71A for the trial court to correct the "clerical mistake." That motion was denied with leave to renew in its brief and at oral argument. Plaintiff renewed that motion in its reply brief and at oral argument. Because we conclude that the named individuals were not parties plaintiff to these actions and that the Notice of Entry of Judgment in each case contained a clerical mistake, we allow the motion and remand to correct the mistake.

Judgment affirmed; motion allowed; remanded to correct error in Notice of Entry of Judgment.