# EQUITY INVESTORS, LTD.

v.

# HERMAN C. WEST, ET AL.

Record No. 920260

January 8, 1993

Present: Carrico, C.J., Compton, Whiting, Lacy, Hassell, and Keenan, JJ., and Poff, Senior Justice

*Ann K. Sullivan (Crenshaw, Ware & Martin,* on brief), for appellant.

*Peter S. Lake (Heilig, McKenry, Fraim & Lollar,* on brief), for appellees Mickey Ballance, Thomas L. Goodwin, Jr., Paul A. Lorency and George Ray Bunch, Jr.

No brief or argument for appellee Herman C. West.

JUSTICE HASSELL delivered the opinion of the Court.

In this appeal, we consider whether Code § 50-8.1 permits a creditor to obtain a judgment against a partnership and, in a subsequent proceeding, collect the judgment against individual partners who were not parties to the initial action.

Equity Investors, Ltd., a Virginia general partnership, filed a motion for judgment against Super Seven, a Virginia general partnership, seeking to collect the outstanding balances on six promissory notes executed for Super Seven by two of its general partners. None of Super Seven's general partners was named as a defendant

in this lawsuit. Equity Investors obtained a judgment against the partnership in the amount of $126,626.20 with interest, attorneys fees of $31,669.05, and costs.

The clerk of the trial court refused to docket Equity Investors' judgment against Super Seven's general partners. Equity Investors requested a corrective order from the trial court so that the judgment could be docketed against the partners individually. The court refused Equity Investors' request.

Subsequently, Equity Investors filed a motion for judgment against certain solvent general partners of the partnership — Mickey Ballance, Thomas L. Goodwin, Jr., Paul A. Lorency, and George Ray Bunch, Jr. (collectively, the partners). The partners filed demurrers, asserting that Equity Investors' causes of action against the partners on the notes had merged in the judgment against Super Seven. The trial court sustained the demurrers, and we awarded Equity Investors an appeal.

Equity Investors argues that the trial court erred by sustaining the demurrers because, it says, the General Assembly abolished the doctrine of merger as applied to partners when it enacted Code § 50-8.1. The partners assert, and the trial court held, that Code § 50-8.1 does not abolish the doctrine of merger, but merely allows a creditor to recover against a partnership as a legal entity, which was not permitted at common law.

At common law, a judgment recovered by a creditor against one of two or more persons on a joint contract was a bar to a subsequent action against other obligors who were not party defendants in the original action. The entire cause of action merged in the judgment, and the joint liability of obligors against whom the judgment was not rendered was extinguished.

We discussed the rationale underlying the merger doctrine in *Beazley's Adm'r. v. Sims' Adm'r.*, 81 Va. 644 (1886):

> The judgment establishes in the most conclusive manner, and reduces to the most authentic form, that which had hitherto been unsettled. The cause of action thus established, and permanently attested, is said to merge into the judgment establishing it upon the same principle that a simple contract merges into a specialty. The cause of action, though it may be examined to aid in interpreting the judgment, *can never again become the basis of a suit between the same parties*. It has lost its vitality; it has expended its force and effect. All its power to

sustain rights and to enforce liabilities has terminated in the judgment. It is drowned in the judgment and must hence forth be regarded as *functus officio*.

*Id.* at 648 (emphasis in original). Applying this doctrine, we held in *Beazley* that a judgment recovered against one of several joint makers on a note constituted a discharge of all the other makers "from all suits by the same plaintiff and all persons in privity with him." *Id.* at 650.

 Code § 50-8.1, a part of the Uniform Partnership Act enacted by the General Assembly in 1985, states:

Any partnership organized under the laws of this Commonwealth or of another jurisdiction shall have the capacity, with or without the joinder of one or more of its partners, to (i) sue in the courts and agencies of the Commonwealth as a separate entity under the name specified in its recorded certificate of partnership; and (ii) be sued in such courts and agencies under such name or, if there is no recorded certificate, under the name by which it does business. All judgments and executions against any such partnership shall bind its real and personal property. *Its partners shall also be liable for judgment and be subject to execution to the extent and in the manner provided by law.*

(Emphasis added).

 Familiar principles of statutory construction govern our interpretation of this statute.

While in the construction of statutes the constant endeavor of the courts is to ascertain and give effect to the intention of the legislature, that intention must be gathered from the words used, unless a literal construction would involve a manifest absurdity. Where the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed.

*Grillo* v. *Montebello Condominium Owners Assoc.*, 243 Va. 475, 477, 416 S.E.2d 444, 445 (1992) (quoting *Watkins* v. *Hall*, 161 Va.

924, 930, 172 S.E. 445, 447 (1934)); *Barr* v. *Town & Country Properties*, 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990).

■ We must read Code § 50-8.1 to give meaning to all words used by the General Assembly. We cannot read the statute to render any words meaningless. The last sentence of Code § 50-8.1 changed the common law because it specifically makes each partner of a partnership "liable for judgment" that is entered against a partnership. Thus, we hold that Code § 50-8.1 abolished the doctrine of merger as it relates to partners. Even though Equity Investors' causes of action on the notes merged in the judgment it obtained against Super Seven, the right to enforce that judgment against the individual partners did not merge.

■ The partners argue that Code § 50-8.1 "only limits the liability of the partners for a judgment against the partnership to the extent and in the manner provided by law" and this statute does not negate the doctrine of merger. We reject this argument. This interpretation of the statute would permit a judgment against a partnership as a legal entity, but would not allow the judgment creditor to realize upon the judgment by filing a subsequent action against the partners. Such an interpretation would require us to hold that the last sentence in Code § 50-8.1 is meaningless, without any legal efficacy.

Furthermore, Code § 50-15 states:

All partners are liable: (a) Jointly and severally for everything chargeable to the partnership under §§ 50-13 and 50-14; (b) Jointly for all other debts and obligations of the partnership; but any partner may enter into a separate obligation to perform a partnership contract.

Pursuant to Code § 50-15, individual partners are liable for debts and obligations of the partnership. A judgment entered against a partnership is a partnership debt. Once Equity Investors obtained its judgment, Code § 50-8.1 rendered the partners liable for judgment "in the manner provided by law." Here, Equity Investors, as permitted by law, filed an independent action against the solvent partners to recover upon the judgment debt.

The partners argue that the above interpretation of Code § 50-8.1 would make it incompatible with Code §§ 50-13[1]and -14.[2] These code sections deal with the individual liability of partners for various partnership obligations in the first instance. Here, however, we are concerned with Code § 50-8.1, which preserves the partners' individual liabilities from the common-law defense of merger.

■ In our opinion, Code § 50-8.1 does nothing to affect the initial individual liabilities a partner may have for acts which are specified in Code §§ 50-13 and -14. Thus, if a judgment is entered against a partnership, a partnership judgment creditor can file a subsequent action against individual partners without being subject to the defense of merger.

■ Finally, the partners argue that they ''should not be liable for a judgment for which they might not have been notified.'' We reject this argument. Code § 50-8.1 gives all partners in a partnership constructive notice that partners ''shall be liable for judgment and be subject to execution to the extent and in the manner provided by law.''

Accordingly, we will reverse the judgment of the trial court and remand this case for a trial on the merits.

*Reversed and remanded.*

---

[1] Code § 50-13 states:

Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership, or with the authority of his copartners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act.

[2] Code § 50-14 states:

The partnership is bound to make good the loss: (a) Where one partner acting within the scope of his apparent authority receives money or property of a third person and misapplies it; and (b) Where the partnership in the course of its business receives money or property of a third person and the money or property so received is misapplied by any partner while it is in the custody of the partnership.