**14TH RMA PARTNERS, L.P.,**
Plaintiff–Appellee,

v.

**Antonio REALE, Joseph Reale, Lan Associates XII Limited Partnership, Lan Associates VIII Limited Partnership, Defendants–Appellants.**

No. 113, Docket 96–6012.

United States Court of Appeals,
Second Circuit.

Argued Oct. 16, 1996.

Decided Nov. 18, 1996.

Richard P. Weinstein, West Hartford, CT (Peter B. Rustin, Weinstein & Wisser, West Hartford, CT, on the brief), for defendant-appellant.

Daniel Shepro, Bridgeport, CT (Heidi C. Clark, Willinger, Shepro, Tower & Bucci, Bridgeport, CT, on the brief), for plaintiff-appellee.

Before: NEWMAN, Chief Judge, CARDAMONE and McLAUGHLIN, Circuit Judges.

**PER CURIAM:**

This appeal concerns foreclosure of one of two mortgages that were given as security for a single loan. Antonio and Joseph Reale and LAN Associates VIII Limited Partnership ("LAN VIII") appeal from the December 14, 1995, revised judgment of the District Court for the District of Connecticut (Alan H. Nevas, Judge), entered after an April 27, 1995, order denying their motion under Fed. R.Civ.P. 60(b)(4) to reopen a judgment of strict foreclosure of a mortgage on a Connecticut property. Appellants contend that, under Connecticut law, the prior foreclosure of a mortgage on a New Jersey property precluded an action to collect the note that was secured by both mortgages. Whether or not Connecticut law has such an effect where the prior foreclosure concerns out-of-state property, we affirm on the ground that the appellants had expressly agreed that judgment should enter foreclosing the Connecticut mortgage.

### Background

The Connecticut foreclosure action arose out of a complicated series of mortgage and loan transactions. In 1988, LAN Associates XII Limited Partnership ("LAN XII") executed in favor of Central Bank a construction mortgage note in the sum of $1.75 million, and a mortgage note in the sum of $2.2 million. In 1991, a second construction mortgage note in the sum of $300,000 was executed between the same parties. As security for the notes, LAN XII provided a mortgage on its property located at 43 North Road, East Windsor, Connecticut.

In 1991, Antonio and Joseph Reale, LAN VIII, and LAN XII made an agreement with Central Bank to consolidate and restructure the above loan obligations—Antonio Reale executed a $3,695,525 substitute note; Joseph Reale executed a $500,000 substitute note; and LAN VIII and LAN XII guaranteed the substitute notes. LAN VIII's guaranty was secured by a first mortgage on its real property located in East Hanover, New Jersey. LAN XII's guaranty was secured by a fourth mortgage on the property located in East Windsor, Connecticut.

In 1993, the FDIC, as receiver for Central Bank, which had become insolvent, brought suit in the District Court in Connecticut against the obligors and guarantors of the restructured notes ("the Connecticut action"). The FDIC sought to recover from Antonio Reale and Joseph Reale the full amounts of their substitute notes and to foreclose against LAN XII's East Windsor property.

A month earlier, the FDIC had filed a separate action in the United States District Court for the District of New Jersey, to foreclose the mortgage on the East Hanover, New Jersey, property that secured the LAN VIII guaranty. In November 1993, the FDIC obtained summary judgment in its favor. Title to the New Jersey property vested in the FDIC on July 17, 1994.

Pursuant to a May 10, 1994, stipulation in the Connecticut action, the Connecticut District Court entered a judgment of strict foreclosure against the East Windsor property. The FDIC thereafter moved for a deficiency judgment. Prior to the hearing on that motion, the defendants moved to reopen the judgment of strict foreclosure, arguing that the judgment in the New Jersey District Court had extinguished any right the plaintiff may otherwise have had to maintain the Connecticut action.

After denying that motion, the District Court granted the deficiency judgment requested by the FDIC, and held that even though Antonio Reale was not named in the specific Count of the complaint seeking foreclosure of the East Windsor property, he was individually liable, as LAN XII's general partner, for the deficiency judgment entered in the foreclosure against LAN XII's real property. Finally, the Court ruled that the proceeds of the sale of the East Windsor property would first be applied to reduce LAN XII's indebtedness on the original construction mortgage note, rather than by allocating the proceeds between the substitute notes.

The FDIC thereafter assigned the revised judgment, entered December 14, 1995, to 14th RMA Partners, L.P., and moved in this Court to have the assignee substituted as appellee. We grant the motion to substitute.

### Discussion

**1. Successive Foreclosure**

 The pertinent section of the Connecticut General Statutes § 49–1 provides:

The foreclosure of a mortgage is a bar to any further action upon the mortgage debt, note or obligation against the person or persons who are liable for the payment thereof who are made parties to the foreclosure and also against any person or persons upon whom service of process to constitute an action in personam could have been made within this state at the commencement of the foreclosure; ...

Conn.Gen.Stat.Ann. § 49–1 (West 1958). The section does not limit the right of the mortgagee to recover a deficiency if the value of the foreclosed property fails to satisfy the debt. The mortgagee may file a motion seeking a deficiency judgment within thirty days after expiration of the limited time for redemption. *Id.* § 49–14.

The defendants contend that the FDIC, having foreclosed on LAN VIII's property in New Jersey, cannot now seek to pursue the Connecticut action against Antonio and Joseph Reale and LAN XII, because a single debt underlies both actions. As they read section 49–14, a mortgagee's remedy is to institute a foreclosure action in aid of any deficiency judgment obtained after foreclosure of the initial mortgage. They urge that despite their own stipulation to entry of judgment in the Connecticut action, the Connecticut District Court was without power to enter that judgment.

In the absence of authoritative case law from the Connecticut state courts, we might agree with the ruling of the District Court that section 49–1 should not bar an action on a debt when there has been a prior foreclosure of a mortgage on an out-of-state property securing the same debt. We need not, however, rule definitively on that issue. Instead we hold that the May 10, 1994, stipulation and agreement to entry of judgment of strict foreclosure on the Connecticut property bars this challenge to entry of that judgment.

It is clear that at the time the parties entered into the stipulation they understood that the successive foreclosure was permissible under the circumstances. We hold them to the terms of that understanding and agreement. Though the preclusion of a court's authority to order further remedies on a note where section 49–1 is applicable has been described as a want of "jurisdiction," *see Bank of Hartford, Inc. v. Hagaman,* 1994 WL 146048, at *2 (Conn.Super.Ct. Apr.14, 1994), we do not understand the term to have been used to mean lack of subject matter jurisdiction such as would prevent a court from enforcing the parties' agreement that judgment be entered. We therefore affirm the denial of the motion to reopen judgment.

**2. Liability of the General Partner**

 It is settled Connecticut law that a general partner is liable for the debts of the partnership. Conn.Gen.Stat.Ann. §§ 34–17, 34–53 (West 1958 & Supp.1996). Here, however, the issue is not whether the partner has a liability, but whether it was proper for the Connecticut District Court to enter a deficiency judgment against the partner when only the partnership entity was named as defendant in the pertinent count of the complaint.

 The Connecticut Supreme Court has ruled that a judgment creditor of the partnership may institute a suit against an individual partner to hold him liable if the judgment cannot be satisfied out of partnership assets. *Dayco Corp. v. Fred T. Roberts & Co.,* 192 Conn. 497, 504, 472 A.2d 780 (1984). There is no rule exempting a plaintiff from the requirement of either naming the partner in the original suit against the partnership, or initiating a subsequent suit against the partner. If there is a subsequent suit, however, it is only for the purpose of affording the partner the opportunity to contest the limited issue of whether or not the defendant is in fact the general partner of the partnership. *Id.* The validity of the judgment against the partnership cannot be relitigated. *Id.* The general partner's liability is derived from having been properly served in the subsequent proceeding, and does not stem from his participation, if any, in the

earlier action against the partnership itself. *Id.* at 505, 472 A.2d 780.

Here, the prayer for relief in the complaint, which specifically requested a deficiency judgment against Antonio Reale, gave him adequate notice and an opportunity to be heard on the issue of whether or not he is the general partner of LAN XII, even though the claim of general partnership was not repeated. in the specific count seeking foreclosure of Lan XII's property. Since Reale has not denied that he is the general partner of LAN XII, it would be pointless to vacate that part of the order holding him personally liable for LAN XII's debt, and to require the FDIC to institute another proceeding for the sole purpose of determining an issue that is not in dispute. We therefore decline to so rule.

3. Application of Foreclosure Proceeds

The District Court applied a "first in time, first in right" principle to determine the order in which the proceeds from the East Windsor foreclosure and the balance of the proceeds from the New Jersey foreclosure should be applied to the numerous mortgages. The defendants have failed to support their contention that this method is inequitable.

The judgment of the District Court is affirmed. .