UNITED STATES of America, Plaintiff,

v.

Edward SOHN; et al., Defendants.

Civil No.97–868–JO.

United States District Court,
D. Oregon.

Aug. 5, 1997.

Neil J. Evans, Asst. U.S. Atty., Dist. of Oregon, U.S. Attorney's Office, Portland, OR, John W. Showalter, Gerald M. Alexander, Dept. of Justice, Civil Div. Commercial Litigation Branch, Washington, DC, for Plaintiff.

John P. Bledsoe, Lane, Powell, Spears, & Lubersky, Portland, OR, for Defendants.

*OPINION AND ORDER*

ROBERT E. JONES, District Judge:

Defendants Edward Sohn, Gerard Sohn, Howard Sohn, Mark Sohn and Richard Sohn are general partners of Suntip Company, an Oregon general partnership. This court entered judgment of $32,582,717.00 against Suntip in October 1996 in connection with Suntip's default on nine timber contracts it had entered into with the United States. *United States v. Suntip Co.,* No. CV 93–681–JO, Order dated October 7, 1993.

After collecting $2,973,448.16 from Suntip's surety and then determining that Suntip is unable to satisfy the remaining balance, the United States commenced this suit to collect the remaining debt from Suntip's individual partners and to undo plaintiffs' voluntary transfers of assets to relatives in 1991 and 1992. Defendants dispute the United States' right to collect against them and have filed a motion (# 8) to dismiss for failure to state a claim. For the reasons stated in this opinion, I DENY defendants' motion to dismiss.

## FACTS

Suntip Company is an Oregon general partnership. Defendants admit in their motion that they are general partners in the company.

In the late 1970s and 1980s, Suntip Company entered into numerous contracts to cut timber on United States land in southern Oregon. When Suntip failed to perform under nine of those contracts, the government pursued administrative and then judicial remedies for breach of contract.[1] On September 3, 1996, this court entered a judgment for $32,582,717.00 against Suntip on behalf of the United States. *United States v. Suntip Co.,* No. CV 93–681–JO.

On October 3, 1996, the United States collected $2,973,448.16 from Suntip's surety. On November 20, 1996, the United States sent a written demand to Suntip for the unpaid balance of the judgment. On November 26, Suntip responded that it has no assets with which to satisfy the judgment.

On June 10, 1997, the United States filed this suit, seeking, *inter alia,* a judgment against Edward Sohn, Gerard Sohn, Howard Sohn, Mark Sohn and Richard Sohn jointly as partners of Suntip for Suntip's remaining debt (Count 1). The United States' second through sixth counts allege that Edward, Gerard, Howard, Mark and Richard Sohn, respectively, voluntarily transferred personal assets subject to claim by the United States in violation of the Federal Priority Statute. *See* 31 U.S.C. § 3713.

Defendants assert, with respect to Count 1, that because they were not named or summoned in the original action against Suntip, they may not be held liable for Suntip's unsatisfied debt. Moreover, with respect to Counts 2 through 6, they argue that their voluntary transfers of personal assets, as pled, did not violate the Federal Priority Statute. *Id.*

1. The history of the administrative proceedings and litigation related to Suntip's original defaults is described in *United States v. Suntip Co.,* 82 F.3d 1468, 1471–73 (9th Cir.1996). I will repeat them here only to the extent that they are relevant to this motion.

2. Under the Rules of Decision Act, 28 U.S.C. § 1652, a federal court must apply substantive

## DISCUSSION

### A. Standard For Motion To Dismiss

A court should not grant Rule 12(b)(6) motion to dismiss for failure to state a claim unless it appears beyond doubt that the plaintiff can prove "no set of facts in support of his claim which would entitle him to relief." *Gilligan v. Jamco Development Corp.,* 108 F.3d 246, 248 (9th Cir.1997)(quoting *Parks School of Business, Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir.1995)); *see also Mountain High Knitting, Inc. v. Reno,* 51 F.3d 216, 218 (9th Cir.1995). The court must treat all facts alleged in the complaint as true. *Parks School of Business,* 51 F.3d at 1484. Moreover, all doubts are resolved in favor of the nonmoving party. *Keams v. Tempe Technical Inst., Inc.,* 39 F.3d 222, 224 (9th Cir.1994).

### B. Defendant's Motion to Dismiss

#### 1. Dismissal as to Count 1

#### a. Partners Liable In Subsequent Collection Suit For Unpaid Debts Of The Partnership

Defendants argue that the United States can no longer pursue them individually for the partnership's breach of contract debt/judgment. The exact question they present is whether, when a creditor seeks and obtains judgment against a partnership without naming the partners as individual defendants, the creditor may, after exhausting the partnership's assets, seek satisfaction of the remaining debt against the individual partners. The most on-point interpretations of the partnership law that Oregon[2] has adopted indicate that the answer must be "yes"—the creditor *can* pursue the individual partners.

state law where applicable state law exists except where the Constitution or treaties of the United States or Acts of Congress require or provide otherwise. Furthermore, Federal Rule of Civil Procedure 17(b) provides that a partnership's capacity to sue or be sued is determined under the laws of the state in which it resides.

■ Plaintiff's claim against defendants arises from an Oregon statute that makes all partners, except limited liability partners, jointly liable for debts and obligations of the partnership. ORS 68.270(1)(b). When deciding an issue of state law, federal courts follow the precedent established by that state's highest court. *Concordia Ins. Co. of Milwaukee v. School Dist. No. 98 of Payne County, Okl.,* 282 U.S. 545, 551, 51 S.Ct. 275, 276, 75 L.Ed. 528 (1931). Where no state statute or case applies directly, the federal court should ascertain and apply the rule of law that the state would have applied had it addressed the issue. *Washington Public Power Supply Sys. v. Pacific Northwest Power Co.,* 217 F.Supp. 481, 491 (D.Or.1963).

Neither the Oregon courts nor the Ninth Circuit have directly addressed the question now before us. Thus, neither plaintiff nor defendants have presented this court with binding authority. However, Oregon has adopted the Uniform Partnership Act (UPA), and state and federal cases addressing this issue under that Act have uniformly allowed a second suit against the partners when the creditor follows proper procedures for serving the partners and obtaining a judgment against them. By contrast, defendants cite only cases where the process used against the individual partners was somehow deficient.[3]

In *Dayco Corp. v. Roberts and Co.,* 192 Conn. 497, 472 A.2d 780 (1984), plaintiff obtained a judgment against a partnership, but was unable to satisfy the judgment with partnership assets. Plaintiff then commenced a separate suit, naming each partner as an individual defendant, and served each of them with process. The Connecticut Supreme Court affirmed the individual liability of each of the partners under Connecticut's partnership laws.

> What these statutes [the UPA] reveal is axiomatic: in an action against a partnership, in which only the partnership is named as a defendant and the result is a judgment against the partnership, a plaintiff cannot attach the individual property of their partners or levy upon their individual property. This does not prevent a plaintiff, when it finds the partnership without assets and its judgment debt unsatisfied, from instituting suit against the individual partners to hold them liable for that debt.

*Dayco Corp.,* 472 A.2d at 784.

Similarly, in *14th RMA Partners, L.P. v. Reale,* 100 F.3d 278 (2d Cir.1996), the Second Circuit held that a partner need not participate in the case against the partnership in order to be personally liable for the partnership's debt in a subsequent suit. The court followed the Connecticut Supreme Court's holding in *Dayco:*

> The Connecticut Supreme Court has ruled that a judgment creditor of the partnership may institute a suit against an individual partner to hold him liable if the judgment cannot be satisfied out of partnership assets. *Dayco Corp. v. Fred T. Roberts & Co.,* 192 Conn. 497, 504, 472 A.2d 780 (1984). There is no rule exempting a plaintiff from the requirement of either naming the partner in the original suit against the partnership, or initiating a subsequent suit against the partner. If there is a subsequent suit, however, it is only for the purpose of affording the partner the opportunity to contest the limited issue of whether or not the defendant is in fact the general partner of the partnership. *Id.* The validity of the judgment against the partnership cannot be relitigated. *Id.* The general partner's liability is derived from having been properly served in the subsequent proceeding, and does not stem from his participation, if any, in the earlier action against the partnership itself. *Id.* at 505, 472 A.2d 780.

*14th RMA Partners,* 100 F.3d at 280–81.

■ The Connecticut statute these courts interpreted is nearly identical to Oregon's

---

3. *See San Ysidro Associates III v. Cambridge East, Ltd.,* 111 Or.App. 496, 826 P.2d 99, *review denied* 313 Or. 627, 835 P.2d 916 (1992)(holding that plaintiffs must be named in the complaint before a court can directly enter judgment against them); *Olsen v. Puntervold,* 338 F.2d 21 (5th Cir.1964) (holding that a partner must be served before a creditor can go after his personal assets); *Detrio v. United States,* 264 F.2d 658 (5th Cir.1959) (holding that an individual partner must be served and have a chance to contest the merits before becoming liable for an unsatisfied partnership debt).

statute on individual liability for partnership debts.[4] Therefore, if the Oregon Supreme Court were to decide the question at issue here, it would probably adopt the Connecticut Supreme Court's analysis. Accordingly, under ORS 68.270, a partner may be held personally liable for the unsatisfied debts of the partnership in a subsequent court action, regardless of whether the partner was named as an individual defendant in the original complaint.

■ Here, a creditor obtained a judgment against a partnership in excess of the partnership's total assets. Like the creditors in *Dayco* and *14th RMA Partners*, plaintiff, having properly served defendants, now brings a separate action against the individual partners for the unsatisfied portion of the partnership debt. Therefore, this suit is proper.

### b. Merger Doctrine Not Applicable

■ Defendants also argue, unpersuasively, that under the common-law doctrine of merger, when plaintiff obtained the first judgment against the Suntip Company, its previously viable claim against the Sohn brothers merged into that judgment.[5] Defendants do not cite to, nor is this court aware of, any case where a court has held that the merger doctrine works to merge a claim against general partners with a judgment against the partnership.[6] More generally, defendants' argument is inconsistent with ORS 68.270, which provides that all partners are liable "jointly for all other debts and obligations of the partnership." ORS 68.270(1)(b). Because the defendant's construction of the merger doctrine would render ORS 68.270 meaningless in situations such as this one, I find that Oregon's common-law merger doctrine does not apply in cases where it conflicts with ORS 68.270.

We are not the first court to conclude that a state partnership statute abolishes the merger doctrine where the two laws are inconsistent. In *Equity Investors, Ltd. v. West*, 245 Va. 87, 425 S.E.2d 803 (1993), the Supreme Court of Virginia held that a Virginia statute that holds general partners personally liable for unsatisfied partnership debts abolished the defense of merger.[7] *Equity Investors*, 425 S.E.2d at 806. While relying on a different section of the Uniform Partnership Act than the one before us, the Virginia Supreme Court observed, in dicta, that its holding was consistent with Virginia Code § 50–15, which is identical to ORS 68.270. *Id.*

Similarly, in another case where a creditor obtained a judgment against a partnership without naming the partners and then filed suit against the individual partners, the Fifth Circuit held that, because the judgment creditor's claim against the general partner did not arise from the same nucleus of operative facts as its claim against the partnership, *res judicata* did not bar subsequent suit against the partners. *Travelers Insurance Co. v. St. Jude Hospital of Kenner, Louisiana, Inc.*, 37 F.3d 193, 195 (5th Cir.1994).

Although defendants have not raised *res judicata* as a defense, the Fifth Circuit's analysis is still instructive. The Fifth Circuit concluded that an action to collect a judgment debt arises from a different transaction than did the original claim that resulted in the judgment and, therefore, that action was not precluded. *Id.* Like *res judicata*, the merger doctrine operates to bar subsequent claims arising from the same factual transaction once a plaintiff obtains a judgment against one or more of the joint debtors.

---

4. Both the Connecticut and Oregon statutes on liability of general partners provide, in relevant part: "[a]ll partners are liable ... (b) jointly for all other debts and obligations of the partnership." Conn. Gen.Stat. § 34–53(b) (as quoted in *Dayco Corp.*, 472 A.2d at 783 n. 4); Or.Rev.Stat. 68.270.

5. Because defendants did not raise their merger doctrine argument until their reply, plaintiff has not had the opportunity to brief the court on the issue. However, because I find against the defendant with respect to the applicability of the merger doctrine, plaintiff's brief on the issue is not essential.

6. Defendant cites cases where unprosecuted claims against one or more general partners merged into the judgment against other general partners.

7. Virginia, like Oregon, adheres to the Uniform Partnership Act.

**492**

Therefore, if the actions against the partnership and the partners arise from different transactions, the merger doctrine does not apply.

After carefully considering both of the arguments that defendants present, I hold that plaintiff may initiate an action to collect an unsatisfied debt against defendants even though defendants were not named in the original action against the partnership. As the Second Circuit explained in *14th RMA Partners,* a general partner's liability derives from being properly served in the proceeding seeking to establish that partner's liability. 100 F.3d at 280–81. If the partner is named and properly served in a subsequent action, his or her participation or lack of participation in the original proceeding is immaterial. *Id.*

Defendants in this case admit that they are general partners of Suntip Company and were served with notice of this action. Personal liability for unsatisfied partnership debt is a basic principle of partnership law and is not easily circumvented. Therefore, defendants' motion to dismiss Count 1 is DENIED.

### 2. Second, Third, Fourth, Fifth and Sixth Counts

Defendants also contend that counts two through six of the complaint, which seek to undo transfers of assets that defendants made while the partnership was in debt to the United States, should be dismissed because defendants are not "indebted to the Government" as the Federal Priority Statute requires. 31 U.S.C. § 3713.

 Section 3713(A)(i) provides, in relevant part:

A claim of the United States Government shall be paid first when (A) a person indebted to the Government is insolvent and —(i) the debtor without enough property to pay all debts makes a voluntary transfer of property.

31 U.S.C. § 3713(A)(i). Plaintiff has argued persuasively that its complaint alleges all of the elements of a valid claim under the Federal Priority Statute. Plaintiff alleges that defendants voluntarily transferred property after they knew they had become liable under Oregon law, as general partners of Suntip Company, for Suntip's $32,582,717.00 debt, and that, because defendants were unable to pay the full remaining amount of Suntip's debt at the time they made the transfers, they were insolvent.

The United States Supreme Court has already decided that a claim by the United States does not have to be reduced to a judgment in order to be a "debt". *See United States v. Butterworth–Judson Corp.,* 269 U.S. 504, 513–14, 46 S.Ct. 179, 179–80, 70 L.Ed. 380 (1926); *see also United States v. Moriarty,* 8 F.3d 329, 334 (6th Cir.1993). Accordingly, I find that plaintiff has alleged facts that, if true, would entitle it to relief as a matter of law. As such, defendants' motion to dismiss counts two through six is DENIED.

### CONCLUSION

For the reasons contained in this opinion, defendants' motion (# 8) to dismiss for failure to state a claim upon which relief can be granted is DENIED.