**Howard PRATT, Plaintiff,**

v.

**PHOENIX HOME LIFE MUTUAL INSURANCE COMPANY, Defendant.**

**No. CV 01–1031–BR.**

United States District Court, D. Oregon.

Nov. 7, 2001.

---

Michael Schumann, Beth Creighton, Steenson, Schumann, Tewksbury & Rose, P.C., Portland, OR, for Plaintiff.

Douglas R. Andres, John M. Kreutzer, Bullivant Houser Bailey P.C., Portland, OR, for Defendants.

## OPINION AND ORDER

BROWN, District Judge.

This matter comes before the Court on Defendant's Motion to Dismiss and Motion to Strike (# 7) [1].

Plaintiff Howard Pratt brought this action against Defendant alleging bankruptcy discrimination pursuant to 11 U.S.C. § 525(b),[2] wrongful discharge under state law, and breach of contract. The Court has jurisdiction over the federal law claim under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

Defendant moves to strike Paragraph 15 of the Complaint, in which Plaintiff alleges he is entitled to attorneys' fees, and to dismiss Plaintiff's Second Claim for Relief for wrongful discharge under state law. For the reasons that follow, the Court **GRANTS** Defendant's Motions.

### PLAINTIFF'S COMPLAINT

Plaintiff alleges Defendant offered him a job in writing on October 4, 2000, and

---

1. Defendant filed its Motion as "Rule 12 Motions of Defendant."

2. 11 U.S.C. § 525(b) provides:
   No private employer may terminate the employment of, or discriminate with respect to employment against, an individual who is or has been a debtor under this title, a debtor or bankrupt under the Bankruptcy Act, or an individual associated with such debtor or bankrupt, solely because such debtor or bankrupt—

   (1) is or has been a debtor under this title or a debtor or bankrupt under the Bankruptcy Act;
   (2) has been insolvent before the commencement of a case under this title or during the case but before the grant or denial of a discharge; or
   (3) has not paid a debt that is dischargeable in a case under this title or that was discharged under the Bankruptcy Act.

Plaintiff accepted the offer the same day by writing on a form Defendant provided. On October 12, 2000, and October 13, 2000, representatives of Defendant called Plaintiff and questioned him about his 1997 bankruptcy filing, after which Defendant withdrew the job offer on or about October 13, 2000.

## I. Defendant's Motion to Strike Paragraph 15.

### A. Standard

Before responding to a pleading, a party may move to strike any "redundant, immaterial, impertinent or scandalous matter." Fed.R.Civ.P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). " 'Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.' " *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706–07 (2d ed.1990)), *rev'd on other grounds*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). "One test that has been advanced for determining whether an allegation in a pleading is immaterial and impertinent within the meaning of Rule 12(f) is whether proof concerning it could be received at trial; if it could not, then the matter is immaterial and impertinent." 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706–07 (2d ed.1990).

### B. Plaintiff Cannot Recover Attorneys' Fees under 11 U.S.C. § 525(b)

Plaintiff bases his First Claim for bankruptcy discrimination on Defendant's alleged violation of 11 U.S.C. § 525(b). As part of his First Claim, Plaintiff alleges he "should be awarded his attorney fees and litigation expenses/costs against" Defendant. The statute, however, does not provide for an award of attorneys' fees to the prevailing party. "Under the American Rule, a prevailing party cannot recover attorneys' fees in the absence of congressional authority." *Stanton Road Associates v. Lohrey Enterprises*, 984 F.2d 1015, 1018 (9th Cir.1993).

Plaintiff contends § 525(b) provides the necessary congressional authority for an award of attorneys' fees; however, the majority of courts have concluded attorneys' fees are not recoverable under § 525(b). *See, e.g., McKibben v. Titus County Appraisal District (In re McKibben)*, 233 B.R. 378, 386 (Bankr.E.D.Tex.1999); *Sweeney v. Ameritrust Company, N.A. (In re Sweeney)*, 113 B.R. 359, 364 (Bankr. N.D.Ohio 1990); *Bell v. Sanford–Corbitt–Bruker, Inc.*, 1987 WL 60286 (S.D.Ga. 1987).

Plaintiff relies on *In re Vaughter*, 109 B.R. 229 (Bankr.W.D.Tex.1989) to support his request for attorneys' fees. Although the court in *Vaughter* awarded the debtor $750 attorneys' fees in a case brought under § 525(b). Because the court offered no analysis of the statutory authorization for its award, *Vaughter* is unpersuasive.

Plaintiff also argues an award of attorneys' fees is permitted because the statute authorizes the Court to issue any order "necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 525(b). The Supreme Court has made clear, however, that "absent explicit congressional authorization, attorneys' fees are not a recoverable cost of litigation." *Runyon v. McCrary*, 427 U.S. 160, 185, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976). The general language Plaintiff relies upon does

not constitute an "explicit congressional authorization" for the payment of attorneys' fees.

In summary, Plaintiff is not entitled to recover attorneys' fees even if he prevails on his claim for discrimination pursuant to 11 U.S.C. § 525(b). Paragraph 15 of the Complaint, therefore, is immaterial and is stricken.

## II. Defendant's Motion to Dismiss Plaintiff's Second Claim

Defendant moves to dismiss Plaintiff's Second Claim for wrongful discharge under state tort law because Plaintiff fails to state a claim for relief.

### A. Standard

On a motion to dismiss under Fed.R.Civ.P. 12(b), all allegations in the complaint are considered true and are construed in plaintiff's favor. *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir.), *cert. denied*, 528 U.S. 1005, 120 S.Ct. 499, 145 L.Ed.2d 386 (1999). A court should not dismiss a complaint, thus depriving the plaintiff of an opportunity to establish his or her claims at trial "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Plaintiff's wrongful discharge claim arises under state law. *See Nees v. Hocks*, 272 Or. 210, 536 P.2d 512 (1975). "When deciding an issue of state law, federal courts follow the precedent established by the state's highest court. Where no state statute or case applies directly, the federal court should ascertain and apply the rule of law that the state would have applied had it addressed the issue." *United States v. Sohn*, 971 F.Supp. 488, 490 (D.Or.1997) (internal quotations and citations omitted). *See also S.D. Myers, Inc. v. City and County of San Francisco*, 253 F.3d 461, 473 (9th Cir.2001).

### B. Plaintiff Does Not State A Claim for Wrongful Discharge Under Oregon Law

Under Oregon law, an employer may discharge an employee at any time, for any reason, unless doing so violates a contractual, statutory, or constitutional requirement. *Patton v. J.C. Penney Co.*, 301 Or. 117, 120, 719 P.2d 854 (1986). The tort of wrongful discharge is a narrow exception to this general rule. *See Sheets v. Knight*, 308 Or. 220, 230–31, 779 P.2d 1000 (1989). Oregon courts have recognized two circumstances that give rise to this tort claim: 1) discharge for performing a public duty or fulfilling a societal obligation, and 2) discharge for exercising an important job-related right. Examples of the first category of claims include discharge for serving on jury duty, *Nees v. Hocks*, 272 Or. 210, 536 P.2d 512 (1975); for reporting patient abuse at a nursing home, *McQuary v. Bel Air Convalescent Home, Inc.*, 69 Or.App. 107, 684 P.2d 21, *rev. den.* 298 Or. 37, 688 P.2d 845 (1984); and for refusing to sign a false and potentially defamatory statement about a co-worker, *Delaney v. Taco Time Int'l*, 297 Or. 10, 681 P.2d 114 (1984). Examples of the second category include discharge for resisting sexual harassment by a supervisor, *Holien v. Sears, Roebuck and Co.*, 298 Or. 76, 689 P.2d 1292 (1984), and for filing a workers' compensation claim, *Brown v. Transcon Lines*, 284 Or. 597, 588 P.2d 1087 (1978). Plaintiff's wrongful discharge claim does not fit within either category.

Plaintiff alleges his employment was terminated because he filed for bank-

ruptcy in 1997.[3] No Oregon court has recognized termination due to status as a debtor under the Bankruptcy Act as a basis for a common-law wrongful discharge claim. Filing for bankruptcy is not equivalent to fulfilling a societal obligation or performing a public duty and does not constitute the exercise of an important job-related right.

Nevertheless, Plaintiff asserts any termination of employment that violates public policy can give rise to a wrongful discharge claim. Plaintiff contends § 525(b) of the Bankruptcy Act is evidence of a public policy against discrimination based on bankrupt status. Plaintiff relies on *Banaitis v. Mitsubishi Bank, Ltd.*, 129 Or. App. 371, 879 P.2d 1288 (1994), to support his argument and contends this Court must review evidence "of a particular policy, whether that be expressed in constitutional and statutory provisions or in the case law of this or other jurisdictions." *Id.* at 377–78, 879 P.2d 1288.

Plaintiff, however, views the court's analysis in *Banaitis* too broadly. Oregon courts recognize an exception to the general rule of at-will employment only in the two circumstances discussed above. In *Banaitis*, the court did not create a third category for any discharge that may be contrary to public policy in general. The court discussed public policy only in the context of determining whether a societal obligation or public duty was implicated in a particular discharge.

Accordingly, the Court concludes Plaintiff has failed to state a claim for wrongful discharge under Oregon law, and, therefore, his Second Claim is dismissed. Because no amendment to the Complaint can cure this deficiency, Plaintiff's Second Claim is dismissed with prejudice.

### CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike Paragraph 15 of Plaintiff's Complaint (# 7) is **GRANTED**, and Paragraph 15 is **STRICKEN**. Defendant's Motion to Dismiss Plaintiff's Second Claim (# 7) also is **GRANTED**, and Plaintiff's Second Claim is **DISMISSED with prejudice.**

IT IS SO ORDERED.

---

**3.** Defendant also argues Plaintiff's Second Claim should be dismissed because Plaintiff alleges only that a job offer was withdrawn and does not allege that Plaintiff was fired. Plaintiff, however, does allege Defendant "terminated [him] in violation of public policy." For purposes of this Rule 12(b)(6) Motion, the Court must accept Plaintiff's allegation as true.